THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **STEVE WENTZ,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: |
| **PROJECT VERITAS**, a Virginia corporation; **JAMES O'KEEFE III,** an individual; **ALLISON MAASS,** an individual; and **BREITBART NEWS NETWORK, LLC,** a Delaware company, | ) ) 6:17-cv-001164 ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RESPONSE TO BREITBART'S MOTION TO DISMISS**

COMES NOW Plaintiff, STEVE WENTZ, by and through his undersigned counsel, pursuant to Local Rule 3.01(b) and this Court's Order (Doc. 42), and responds in opposition to the motion to dismiss filed by Defendant Breitbart News Network, LLC.

I.  Introduction

Defendant Breitbart News Network, LLC moves to dismiss for lack of personal jurisdiction alleging that its principal place of business and place incorporation are not in Florida and its contacts with Florida are not sufficient to establish Breitbart is at home in Florida. Its entire argument relies on the declaration of Laurence Solov. Doc. 22-1.

The Solov declaration, however, fails to rebut Plaintiff's jurisdictional allegations of extensive business conducted in Florida by Florida residents, a large Florida customer base, significant advertising, sales, and solicitation within Florida, and "Tag: Florida" section of its website where Breitbart publishes articles focused on Florida events. These extensive activities in Florida are so continuous and systematic that Breitbart is essentially "at home" in Florida, and this Court may exercise jurisdiction over it.

## II. Legal Standard

> [A]fter a plaintiff alleges sufficient facts supporting the exercise of personal jurisdiction under a long-arm statute, 'the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof.'

*Smith v. Trans-Siberian Orchestra*, 689 F. Supp. 2d 1310, 1313 (M.D. Fla. 2010). To the extent Breitbart's declaration does not contradict Wentz's complaint, the Court must "accept the allegations stated in the complaint as true for purposes of resolving the jurisdictional issue under the requirements of the Florida long-arm statute and the Due Process Clause."

*Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999). Wentz's originally pleaded jurisdictional allegations over Breitbart were not rebutted by the Solov declaration. *See* Doc. 42 at 5 ("A review of the Solov Declaration and the Complaint demonstrates that the two do not contradict each other"). Therefore, Wentz's jurisdictional allegations over Breitbart should be taken as true for this purpose.

**III. Analysis**

General jurisdiction over a foreign defendant is appropriate "when [the defendant's] affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Although the paradigm bases for general jurisdiction over a company are in its state of incorporation and principal place of business, "a [company] [may] be 'at home' in places outside of its place of incorporation or principal place of business." *Barriere v. Juluca*, 12-23510-CIV, 2014 WL 652831, at *7 (S.D. Fla. Feb. 19, 2014) (citing *Daimler AG*, 134 S. Ct. at 761, n. 19. In *Barriere*, the court found general jurisdiction over a corporation that — despite its principal place of business or incorporation being outside Florida — maintained a sales office in Florida and had an agent in Florida who promoted,

managed, operated, and provided reservation services for defendant in Florida. *Barriere*, 2014 WL 652831, at *8.

As alleged in the Complaint, "Steve Bannon, [Breitbart's] news executive at the times relevant herein, was, at the time, a Florida resident, registered to vote in Florida," and "[Breitbart] employs, as reporters or contributors, Florida residents who write their content and submit it to Breitbart's editors from Florida."  Such facts demonstrate that Breitbart, by and through its executive Steve Bannon, conducts business out of Florida, with a likely Florida home office, and hires Florida residents as agents to conduct business in Florida, who would necessarily have their office out of Florida. Breitbart's contacts with Florida are even more systematic and continuous than those established in *Barriere*, where the court found general jurisdiction. Both defendant companies have agents in Florida conducting extensive business in Florida and have offices in Florida. Additionally, as in *Barriere*, Breitbart solicits, promotes, and advertises its business in Florida by broadcasting commentary into Florida, selling to Florida residents through its "Breitbart Store," maintaining a "Tag: Florida" section on its website, and receiving ad revenue from Florida businesses. Doc. No. 1 at ¶ 8. Furthermore, Florida residents are a large portion of

Breitbart's readership and Breitbart reports extensively on Florida events. *Id.* These facts demonstrate that Breitbart is "at home" in Florida, making general jurisdiction is proper over Breitbart.

WHEREFORE, Plaintiff STEVE WENTZ asks this Honorable Court to DENY Defendant's Motion to Dismiss (Doc. 21) and find that this Court has jurisdiction over Defendant BREITBART NEWS NETWORK, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that on **November 22, 2017,** a true and correct copy of the foregoing has been filed via CM/ECF.

*Attorney for Plaintiff*:

**Cynthia Conlin & Associates**
1643 Hillcrest Street
Orlando, FL 32803-4809
Tel. 407-965-5519/Fax 407-545-4397
www.ConlinPA.com

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@conlinpa.com
Secondary Email for Service:
Jeff@conlinpa.com
Service@conlinpa.com