## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

STEVE WENTZ,

      Plaintiff,

v.                            CASE NO: 6:17-cv-01164-ORL-18GJK

PROJECT VERITAS, a Virginia
Corporation; JAMES O'KEEFE III;
ALLISON MAASS; and BREITBART
NEWS NETWORK, LLC, a Delaware
company,

      Defendants.

_____/

## ALLISON MAASS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

      Defendant Allison Maass ("Maass") hereby files her Answer and Affirmative Defenses to the Complaint filed by Plaintiff Steve Wentz ("Wentz"), and as a general denial, Maass denies all allegations, contentions, characterizations, implications, facts and legal conclusions not specifically and expressly admitted herein.

## SUBJECT-MATTER JURISDICTION

      1.      Paragraph 1 of the Complaint contains merely legal conclusions. As a result, no response is required. To the extent that any allegations in this paragraph require a response, they are denied.

      2.      Paragraph 2 of the Complaint contains merely legal conclusions. As a result, no response is required. To the extent that any allegations in this paragraph require a response, they are denied.

## PERSONAL JURISDICTION & VENUE

3.      Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 3 of the Complaint.  Therefore, they are denied.

4.      Maass admits that she is an individual.  Maass denies that she lives in Hennepin County, Minnesota.  Maass denies the remaining allegations in Paragraph 4 of the Complaint.

5.      Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 5 of the Complaint.  Therefore, they are denied.

6.      Paragraph 6 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

7.      Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 7 of the Complaint.  Therefore, they are denied.

8.      Paragraph 8 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

9.      Paragraph 9 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

## FACTUAL ALLEGATIONS

10.      Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 10 of the Complaint.  Therefore, they are denied.

11.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 11 of the Complaint.  Therefore, they are denied.

12.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 12 of the Complaint.  Therefore, they are denied.

13.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 13 of the Complaint.  Therefore, they are denied.

14.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 14 of the Complaint.  Therefore, they are denied.

15.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 15 of the Complaint.  Therefore, they are denied.

16.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 16 of the Complaint.  Therefore, they are denied.

17.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 17 of the Complaint.  Therefore, they are denied.

18.     Maass denies that at all relevant times, she was an "operative" of Defendants Project Veritas ("PV") and James O'Keefe III ("O'Keefe").  Maass denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 19 of the Complaint.  Therefore, they are denied.

20.     Maass admits that Wentz is a teacher and president of the United Teachers of Wichita, a teachers union investigated by PV.  Maass denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Maass admits that the National Council of Urban Education Associations ("NCUEA") held a conference in Orlando, Florida from June 26-29, 2015.  Maass denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Maass admits that she attended the conference to record undercover videos of members of teachers unions.  Maass denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Maasss admits that she attended the conference to record video footage to be used in various videos demonstrating corruption among teachers unions.  Maaass denies that these videos created an "inference."  Maass denies the remaining allegations in Paragraph 23 of the Complaint.

24.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 24 of the Complaint.  Therefore, they are denied.

25.     Maass admits that Wentz was a teacher who became the subject of one of PV's videos.  Maass lacks sufficient information or belief to admit or deny whether Wentz was "unsuspecting."   Maass denies the remaining allegations in Paragraph 25 of the Complaint.

26.     Maass admits the allegations in Paragraph 26 of the Complaint.

27.     Maass admits that she was also at the Hilton Orlando Lake Buena Vista's (the "Hilton") bar.  Maass denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Maass admits that Wentz had never met her before.  Maass lacks sufficient information or belief to admit or deny whether Wentz had seen her before.  Therefore, Maass denies the remaining allegations in Paragraph 28 of the Complaint.

4

29.     Maass denies the allegations in Paragraph 29 of the Complaint.

30.     Maass denies the allegations in Paragraph 30 of the Complaint.

31.     Maass admits that she spoke with Wentz in the Hilton's bar.  Maass denies that she was a PV "operative."  Maass denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Maass admits that she spoke with Wentz in the Hilton's bar.

33.     Maass admits that she recorded her conversation with Wentz.

34.     Maasss admits that she and Wentz discussed his aggressive behavior towards students.  Maass denies the remaining allegations in Paragraph 34 of the Complaint.

35.     Maass admits that Wentz proudly stated that he told a student "I will kick your fucking ass."  Maass denies the remaining allegations in Paragraph 35 of the Complaint.

36.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 36 of the Complaint.  Therefore, they are denied.

37.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 37 of the Complaint.  Therefore, they are denied.

38.     Maass denies the allegations in Paragraph 38 of the Complaint.

39.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 39 of the Complaint.  Therefore, they are denied.

40.     Maass admits that she provided the recording of her conversation with Wentz to PV for potential publication.  Maass denies that she provided the recording for editing.  Maass denies the remaining allegations in Paragraph 40 of the Complaint.

41.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 41 of the Complaint.  Therefore, they are denied.

42.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 42 of the Complaint.  Therefore, they are denied.

43.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 43 of the Complaint.  Therefore, they are denied.

44.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 44 of the Complaint.  Therefore, they are denied.

45.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 45 of the Complaint.  Therefore, they are denied.

46.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 46 of the Complaint.  Therefore, they are denied.

47.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 47 of the Complaint.  Therefore, they are denied.

48.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 48 of the Complaint.  Therefore, they are denied.

49.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 49 of the Complaint.  Therefore, they are denied.

50.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 50 of the Complaint.  Therefore, they are denied.

51.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 51 of the Complaint.  Therefore, they are denied.

52.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 52 of the Complaint.  Therefore, they are denied.

53.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 53 of the Complaint.  Therefore, they are denied.

54.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 54 of the Complaint.  Therefore, they are denied.

55.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 55 of the Complaint.  Therefore, they are denied.

56.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 56 of the Complaint.  Therefore, they are denied.

57.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 57 of the Complaint.  Therefore, they are denied.

58.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 58 of the Complaint.  Therefore, they are denied.

59.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 59 of the Complaint.  Therefore, they are denied.

60.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 60 of the Complaint.  Therefore, they are denied.

61.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 61 of the Complaint.  Therefore, they are denied.

62.     Paragraph 62 of the Complaint does not contain any factual allegations.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

63.     Paragraph 63 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

64.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 64 of the Complaint.  Therefore, they are denied.

65.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 65 of the Complaint.  Therefore, they are denied.

### COUNT I: INTERCEPTION OF ORAL COMMUNICATION IN VIOLATIONS OF 18 U.S.C. § 2521
**(June 2015 incident in Orlando)**

66.     Maass incorporates by reference her answers to Paragraphs 1-65, *supra.*

67.     Maass admits that Wentz purports to bring a claim under 18 U.S.C. § 2521.  Maass denies the remaining allegations in Paragraph 67 of the Complaint.

68.     Maass denies the allegations in Paragraph 68 of the Complaint.

69.     Maasss admits that she recorded her conversation with Wentz.  Maasss denies the remaining allegations in Paragraph 69 of the Complaint.

70.     Maass denies the allegations in Paragraph 70 of the Complaint.

71.     Maass denies the allegations in Paragraph 71 of the Complaint.

72.     Maass denies the allegations in Paragraph 72 of the Complaint.

73.     Maass denies the allegations in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

75.     Maass denies the allegations in Paragraph 75 of the Complaint.

76.     Masss denies the allegations in Paragraph 76 of the Complaint.

### COUNT II: INTERCEPTION OF ORAL COMMUNICATION IN VIOLATION OF 18 U.S.C. § 2520
### (October 2015 incident in Kansas)

77.-87. This count does not apply to Maass.  Therefore, no response to the allegations is required.  To the extent that any of the allegations require a response, they are denied.

### COUNT III: VIOLATION OF FLORIDA SECURITY OF COMMUNICATIONS ACT (FSCA), FLA. STAT. § 934.10

88.     Maass incorporates by reference her answers to Paragraphs 1-65, *supra.*

89.     Maass admits that Wentz purports to bring a claim under Fla. Stat. § 934.10.  Maass denies the remaining allegations in Paragraph 89 of the Complaint.

90.     Maass denies the allegations in Paragraph 90 of the Complaint.

91.     Maass denies the allegations in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

93.     Maass denies the allegations in Paragraph 93 of the Complaint.

94.     Maass denies the allegations in Paragraph 94 of the Complaint.

95.     Maass lacks sufficient information or belief to admit or deny the allegations in Paragraph 95 of the Complaint.  Therefore, they are denied.

96.     Maass denies the allegations in Paragraph 96 of the Complaint.

## COUNT IV: VIOLATION OF § 22-2518, KANSAS STATUTES

97.-106.     This count does not apply to Maass.  Therefore, no response to the allegations is required.  To the extent that any of the allegations require a response, they are denied,

## COUNT V:  DEFAMATION (OR DEFAMATION BY IMPLICATION)

107.-145.     This count does not apply to Maass.  Therefore, no response to the allegations is required.  To the extent that any of the allegations require a response, they are denied.

## COUNT VI: DEFAMATION (WRITTEN CONTENT)

146.-163.     This count does not apply to Maass.  Therefore, no response to the allegations is required.  To the extent that any of the allegations require a response, they are denied.

## COUNT VII:  DEFAMATION (OR DEFAMATION BY IMPLICATION)

164.-181.     This count does not apply to Maass.  Therefore, no response to the allegations is required.  To the extent that any of the allegations require a response, they are denied.

## COUNT VIII: TEMPORARY AND PERMANENT INJUNCTION

182.-189.     This count does not apply to Maass.  Therefore, no response to the allegations is required.  To the extent that any of the allegations require a response, they are denied.

## **AFFIRMATIVE DEFENSES**

Without admitting, acknowledging or assuming any burden of proof that Maass would not otherwise bear under law, and reserving the right to assert additional or amended affirmative defenses after discovery progresses, Maass hereby asserts the following affirmative defenses against Wentz's Complaint:

### **First Affirmative Defense**

As her First Affirmative Defense, Maass states that the Complaint fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

As her Second Affirmative Defense, the Maass states that Wentz has not been damaged in any amount or manner by reasons of any act alleged against Maass in the Complaint and, therefore, the relief prayed for in the Complaint cannot be granted.

### **Third Affirmative Defense**

As her Third Affirmative Defense, Maass states that Wentz's claims are unconstitutional as applied to her.  The actions at issue taken by Maass are absolutely protected freedoms of speech and press under the First Amendment.

### **Fourth Affirmative Defense**

As her Fourth Affirmative Defense, Maass states that, to the extent that Wentz has suffered any damages, such damages were caused by his own negligence.

### **Fifth Affirmative Defense**

As her Fifth Affirmative Defense, Maass states that Wentz's claims are barred by Section 768.295, Florida Statutes (2017) (Florida's Anti-SLAPP statute).

**Sixth Affirmative Defense**

As her Sixth Affirmative Defense, Maas states that Wentz had no reasonable expectation of privacy for a conversation that occurred in a public place (a bar).

**Seventh Affirmative Defense**

As her Seventh Affirmative Defense, Maass states that Wentz's claims are barred, in whole or in part, due to his failure to mitigate his damages.

**Eighth Affirmative Defense**

As her Eighth Affirmative Defense, Maass states that Wentz's claims are barred by the truth of the information disseminated by the Defendants.

Respectfully submitted this 19th day of February, 2018,

/s/ Jason Zimmerman
Jason Unger
Florida Bar No: 991562
Primary Email Address:
jason.unger@gray-robinson.com
Secondary Email Address:
Teresa Barreiro
teresa.barreiro@gray-robinson.com
Jason Zimmerman
Florida Bar No. 104392
Primary Email Address:
jason.zimmerman@gray-robinson.com
Secondary Email Address:
kathy.savage@gray-robinson.com;
David Oliver
Florida Bar No. 521922
Primary Email Address:
david.oliver@gray-robinson.com
Secondary Email Address:
donna.flynn@ray-robinson.com
GrayRobinson, P.A.
301 East Pine Street, Suite 1400 (32801)
P.O. Box 3068
Orlando, Florida 32802

Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will forward a true and correct copy of the foregoing via email to Cynthia Conlin & Associates cynthia@conlinpa.com; jeff@conlinpa.com; 1643 Hillcrest Street, Orlando, Florida 32803.

/s/ Jason Zimmerman
Jason Zimmerman
Florida Bar No. 104392

# 12036920 v1