## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

STEVE WENTZ,

      Plaintiff,

v.                                                     CASE NO: 6:17-cv-01164-ORL-18GJK

PROJECT VERITAS, a Virginia
Corporation; JAMES O'KEEFE III;
ALLISON MAASS; and BREITBART
NEWS NETWORK, LLC, a Delaware
company,

      Defendants.

_____/

## PROJECT VERITAS AND JAMES O'KEEFE III'S
## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Project Veritas ("Project Veritas") and James O'Keefe III ("O'Keefe")
(collectively, the "Defendants") hereby file their Answer and Affirmative Defenses to the
Complaint filed by Plaintiff Steve Wentz ("Wentz"), and as a general denial, the Defendants
deny all allegations, contentions, characterizations, implications, facts and legal conclusions
not specifically and expressly admitted herein.

## SUBJECT-MATTER JURISDICTION

1.      Paragraph 1 of the Complaint contains merely legal conclusions.  As a result,
no response is required.  To the extent that any allegations in this paragraph require a
response, they are denied.

2.      Paragraph 2 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

## PERSONAL JURISDICTION & VENUE

3.      The Defendants admit the allegations in Paragraph 3 of the Complaint.

4.      The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 4 of the Complaint.  Therefore, they are denied.

5.      The Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

7.      The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 7 of the Complaint.  Therefore, they are denied.

8.      Paragraph 8 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

9.      Paragraph 9 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

## FACTUAL ALLEGATIONS

10.     The Defendants deny the allegations in Paragraph 10 of the Complaint.

11.     The Defendants admit that PV is run and operated by O'Keefe.  The Defendants deny that O'Keefe practices "political warfare" or that he is a "conservative provocateur."   The Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.     The Defendants deny the allegations in Paragraph 12 of the Complaint.

13.     The Defendants admit that O'Keefe and PV refer to their employees as "journalists" and "investigative reporters."  The Defendants deny that they are unethical and do not adhere to the basic tenets of journalism.  The Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.     The Defendants admit that they use fake names and hidden cameras.  The Defendants deny that they induce people to make specific statements that can be taken out of context.  The Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     The Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     The Defendants admit that they engage in undercover stings.  The Defendants deny that they utilize deceptive editing in their videos.  The Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.     The Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     The Defendants deny that, at all relevant times, Allison Maass ("Maass") was an "operative" of  the Defendants.  The Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.     The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 19 of the Complaint.  Therefore, they are denied.

20.     The Defendants admit that Wentz is a teacher and president of the United Teachers of Wichita, a teachers union investigated by the Defendants.

21.     The Defendants admit that the National Council of Urban Education Associations ("NCUEA") held a conference in Orlando, Florida from June 26-29, 2015.  The Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.     The Defendants admit that Maass attended the conference to record undercover videos of members of teachers unions.  The Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.     The Defendants admit that Maass attended the conference to record video footage that the Defendants could use in various videos demonstrating corruption among teachers unions.  The Defendants deny that these videos created an "inference."  The Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24.     The Defendants admit that they planned to use these videos to expose teachers unions.  The Defendants deny that they only wanted to discredit teachers unions during the 2016 election cycle.  The Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25.     The Defendants admit that Wentz was a teacher who became the subject of one of their videos.  The Defendants lack sufficient information or belief to admit or deny whether Wentz was "unsuspecting." The Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26.     The Defendants admit the allegations in Paragraph 26 of the Complaint.

27.     The Defendants admit that Maass was also at the Hilton Orlando Lake Buena Vista's (the "Hilton") bar.

28.     The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 28 of the Complaint.  Therefore, they are denied.

29.     The Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     The Defendants deny the allegation in Paragraph 30 of the Complaint that Maass told Wentz she was a teacher.

31.     The Defendants admit that Maass spoke with Wentz in the Hilton's bar.  The Defendants deny that she was a PV "operative."   The Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32.     The Defendants admit that Maass spoke with Wentz in the Hilton's bar.  The Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33.     The Defendants admit that Maas recorded her conversation with Wentz.

34.     The Defendants admit that Maass and Wentz discussed his aggressive behavior towards students.  The Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35.     The Defendants admit that Wentz proudly stated that he told a student "I will kick your fucking ass."  The Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36.     The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 36 of the Complaint.  Therefore, they are denied.

37.     The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 37 of the Complaint.  Therefore, they are denied.

38.     The Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 39 of the Complaint.  Therefore, they are denied.

40.     The Defendants admit that Maass provided the recording of her conversation with Wentz to PV for potential publication.  The Defendants deny that Maass provided the recording for editing.  The Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41.     The Defendants admit the allegations in Paragraph 41 of the Complaint.

42.     The Defendants admit that Dan Sandini was not related to any of Wentz's students.  The Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43.     The Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     The Defendants admit the allegations of Paragraph 44 of the Complaint.

45.     The Defendants admit that Dan Sandini recorded his meeting with Wentz.  The Defendants deny the remaining allegations in Paragraph 45 of the Complaint.

46.     The Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     The Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     The Defendants admit that they assembled a story board using footage from Maass and Sandini's conversations with Wentz.  The Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49.     The Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     The Defendants admit that PV was investigating corruption in teachers unions and creating a series of videos on the issue.  The Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

51.     The Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     The Defendants admit the allegations in Paragraph 52 of the Complaint.

53.     The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 53 of the Complaint.  Therefore, they are denied.

54.     The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 54 of the Complaint.  Therefore, they are denied.

55.     The Defendants admit that the video shows Wentz's face while music plays in the background.  The Defendants further admit that, based on the recording of Wentz, the narrator indicated that Wentz was "violent" and "engaged in questionable behavior." The Defendants deny that the video depicts Wentz as someone different than he portrayed himself on the recording from the bar.  The Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

56.     The Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     The Defendants admit the allegations in Paragraph 57 of the Complaint.

58.     The Defendants admit the allegations in Paragraph 58 of the Complaint.

59.     The Defendants admit that information about Wentz appeared on PV's website, PV's Facebook page and O'Keefe's Facebook page.  The Defendants further admit that the information discussed Wentz abusing his students and bragging about it.  The

Defendants deny that the information "accused" Wentz of anything.  The Defendants deny the remaining allegations in Paragraph 59 of the Complaint.

60.     The Defendants admit the allegations in Paragraph 60 of the Complaint.

61.     The Defendants admit the allegations in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint does not contain any factual allegations.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

63.     Paragraph 63 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

64.     The Defendants admit that they received a letter dated June 2, 2017 titled "Fla. Stat. 770.01 Notice of Defamation with Notice of Duty of Preservation of Documents; Our File No. 00787-Wentz."  The Defendants deny the  remaining allegations in Paragraph 64 of the Complaint.

65.     The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 65 of the Complaint.  Therefore, they are denied.

### COUNT I: INTERCEPTION OF ORAL COMMUNICATION IN VIOLATIONS OF 18 U.S.C. § 2521
**(June 2015 incident in Orlando)**

66.     The Defendants incorporate by reference their answers to Paragraphs 1-65, *supra.*

67.     The Defendants admit that Wentz purports to bring a claim under 18 U.S.C. § 2521.  The Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

68.     The Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     The Defendants admit that Maass recorded her conversation with Wentz.  The Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.     The Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     The Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     The Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     The Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

75.     The Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     The Defendants deny the allegations in Paragraph 76 of the Complaint.

### COUNT II: INTERCEPTION OF ORAL COMMUNICATION
### IN VIOLATION OF 18 U.S.C. § 2520
**(October 2015 incident in Kansas)**

77.     The Defendants incorporate by reference their answers to Paragraphs 1-65, *supra.*

78.     The Defendants admit that Wentz purports to bring a claim under 18 U.S.C. § 2520.  The Defendants deny the remaining allegations in Paragraph 78 of the Complaint.

79.     The Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     The Defendants admit that Dan Sandini recorded a conversation with Wentz at a Panera in Wichita.  The Defendants deny the remaining allegations in Paragraph 80 of the Complaint.

81.     The Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     The Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     The Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     The Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     The Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     The Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     The Defendants deny the allegations in Paragraph 87 of the Complaint.

## COUNT III: VIOLATION OF FLORIDA SECURITY OF COMMUNICATIONS ACT (FSCA), FLA. STAT. § 934.10

88.     The Defendants incorporate by reference their answers to Paragraphs 1-65, *supra.*

89.     The Defendants admit that Wentz purports to bring a claim under Fla. Stat. § 934.10.  The Defendants deny the remaining allegations in Paragraph 89 of the Complaint.

90.     The Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     The Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

93.     The Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     The Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     The Defendants admit that PV published a video of Wentz on its YouTube channel.  The Defendants deny the remaining allegations in Paragraph 95 of the Complaint.

96.     The Defendants deny the allegations in Paragraph 96 of the Complaint.

## COUNT IV: VIOLATION OF § 22-2518, KANSAS STATUTES

97.    The Defendants incorporate by reference their answers to Paragraphs 1-65, *supra.*

98.    The Defendants deny the allegations in Paragraph 98 of the Complaint.

99.    The Defendants admit that Sandini contacted Wentz to request a meeting. The Defendants further admit that Sandini and Wentz met at a Panera for the meeting.

100.    Paragraph 100 of the Complaint contains merely legal conclusions.  As a result, no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

101.    The Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    The Defendants admit that Sandini recorded his conversation with Wentz. The Defendants deny the remaining allegations in Paragraph 102 of the Complaint.

103.    The Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    The Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    The Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    The Defendants deny the allegations in Paragraph 106 of the Complaint.

## COUNT V:  DEFAMATION (OR DEFAMATION BY IMPLICATION)

107.    The Defendants incorporate by reference their answers to Paragraphs 1-65, *supra.*

108.    The Defendants admit that Wentz purports to state a claim for defamation. The Defendants deny all other remaining allegations in Paragraph 108 of the Complaint.

109.    The Defendants admit that Maass recorded her conversation with Wentz.  The Defendants deny the remaining allegations in Paragraph 109 of the Complaint.

110.    The Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    The Defendants admit that PV assembled a story board showing Wentz stating that he told a student that "I will kick your f***ing ass."  The Defendants deny the remaining allegations in Paragraph 111 of the Complaint.

112.    The Defendants admit the allegations in Paragraph 113 of the Complaint.

113.    The Defendants admit that PV published the video on its website under the website's "Techers Unions Investigations" category.  The Defendants deny the remaining allegations in Paragraph 113 of the Complaint.

114.    The Defendants admit that the allegations in Paragraph 114 contain portions of a conversation between Wentz and PV journalists.  The Defendants deny the remaining allegations in Paragraph 114 of the Complaint.

115.    The Defendants admit that the video referenced in Paragraph 115 contains pictures and screenshots of Wentz, as well as music.  The Defendants deny the remaining allegations in Paragraph 115 of the Complaint.

116.    The Defendants admit that the video's narrator states the words set forth in Paragraph 116 of the Complaint.  The Defendants deny the remaining allegations in Paragraph 116 of the Complaint.

117.    The Defendants admit the allegations in Paragraph 117 of the Complaint.

118.    The Defendants admit that the video depicts Wentz sitting in a bar discussing his prior threats towards students.  The Defendants further admit that Wentz made the

statements contained in Paragraph 118 of the Complaint. The Defendants deny the remaining allegations in Paragraph 118 of the Complaint.

119. The Defendants admit the allegations in Paragraph 119 of the Complaint.

120. The Defendants admit the allegations in Paragraph 120 of the Complaint.

121. The Defendants admit that Maas and Wentz made the statements alleged in Paragraph 121 of the Complaint. The Defendants further admit that editing occurs when making a video. The Defendants deny the remaining allegations in Paragraph 121 of the Complaint.

122. The Defendants admit the allegations in Paragraph 122 of the Complaint.

123. The Defendant admits the allegations in Paragraph 123 of the Complaint.

124. The Defendants admit that the journalist in the video visits the United Teachers of Wichita ("UTW") office looking for Wentz. The Defendants further admit that the journalist engaged in a discussion with a UTW employee regarding where Wentz might be. The Defendants deny the remaining allegations in Paragraph 124 of the Complaint.

125. The Defendants admit the allegations in Paragraph 125 of the Complaint.

126. The Defendants admit the allegations in Paragraph 126 of the Complaint.

127. The Defendants admit the allegations in Paragraph 127 of the Complaint.

128. The Defendants admit the allegations in Paragraph 128 of the Complaint.

129. The Defendants admit that Wentz said "I have never said that to a kid at school." The Defendants deny the remaining allegations in Paragraph 129 of the Complaint.

130. The Defendants admit the allegations in Paragraph 130 of the Complaint.

131. The Defendants admit the allegations in Paragraph 131 of the Complaint.

132.     The Defendants admit the allegations in Paragraph 132 of the Complaint.

133.     The Defendants admit the allegations in Paragraph 133 of the Complaint.

134.     The Defendants admit the allegations in Paragraph 134 of the Complaint.

135.     The Defendants admit that the narrator in the video states the words alleged in Paragraph 135 of the Complaint.

136.     The Defendants admit the allegations in Paragraph 136 of the Complaint.

137.     The Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 137 of the Complaint.  Therefore, they are denied.

138.     The Defendants admit the allegations in Paragraph 138 of the Complaint.

139.     The Defendants deny the allegations in Paragraph 139 of the Complaint.

140.     The Defendants deny the allegations in Paragraph 140 of the Complaint.

141.     The Defendants deny the allegations in Paragraph 141 of the Complaint.

142.     The Defendants deny the allegations in Paragraph 142 of the Complaint.

143.     The Defendants deny the allegations in Paragraph 143 of the Complaint.

144.     The Defendants deny the allegations in Paragraph 144 of the Complaint.

145.     The Defendants deny the allegations in Paragraph 145 of the Complaint.

## COUNT VI: DEFAMATION (WRITTEN CONTENT)

146.     The Defendants incorporate by reference their answers to Paragraphs 1-65, *supra.*

147.     The Defendants admit that Wentz purports to state a claim for defamation. The Defendants deny the remaining allegations in Paragraph 147 of the Complaint.

148.     The Defendants admit the allegations in Paragraph 148 of the Complaint.

14

149.    The Defendants admit that information regarding Wentz appeared on PV's Facebook page.   The Defendants deny the remaining allegations in Paragraph 149 of the Complaint, including the allegation that the information was defamatory.

150.    The Defendants admit the allegations in Paragraph 150 of the Complaint.

151.    The Defendants admit the allegations in Paragraph 151 of the Complaint.

152.    The Defendants admit the allegations in Paragraph 152 of the Complaint.

153.    The Defendants admit the allegations in Paragraph 153 of the Complaint.

154.    The Defendants admit the allegations in Paragraph 154 of the Complaint.

155.    The Defendants admit the allegations in Paragraph 155 of the Complaint.

156.    The Defendants admit the allegations in Paragraph 156 of the Complaint.

157.    The Defendants deny the allegations in Paragraph 157 of the Complaint.

158.    The Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    The Defendants deny the allegations in Paragraph 159 of the Complaint.

160.    The Defendants deny the allegations in Paragraph 160 of the Complaint.

161.    The Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    The Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    The Defendants deny the allegations in Paragraph 163 of the Complaint.

## COUNT VII:  DEFAMATION (OR DEFAMATION BY IMPLICATION)

164.-181.    This count does not apply to the Defendants.  Therefore, no response to the allegations is required.  To the extent that any of the allegations require a response, they are denied.

## COUNT VIII: TEMPORARY AND PERMANENT INJUNCTION

182.    The Defendants incorporate by reference their answers to Paragraphs 1-65, 108-145, 147-163, and 166-181, *supra.*

183.    The Defendants deny the allegations in Paragraph 183 of the Complaint.

184.    The Defendants deny the allegations in Paragraph 184 of the Complaint.

185.    The Defendants deny the allegations in Paragraph 185 of the Complaint.

186.    The Defendants deny the allegations in Paragraph 186 of the Complaint.

187.    The Defendants deny the allegations in Paragraph 187 of the Complaint.

188.    The Defendants deny the allegations in Paragraph 188 of the Complaint.

189.    The Defendants deny the allegations in Paragraph 189 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting, acknowledging or assuming any burden of proof that the Defendants would not otherwise bear under law, and reserving the right to assert additional or amended affirmative defenses after discovery progresses, the Defendants hereby assert the following affirmative defenses against Wentz's Complaint:

### First Affirmative Defense

As their First Affirmative Defense, the Defendants state that the Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

As their Second Affirmative Defense, the Defendants state that Wentz has not been damaged in any amount or manner by reasons of any act alleged against the Defendants in the Complaint and, therefore, the relief prayed for in the Complaint cannot be granted.

### Third Affirmative Defense

As their Third Affirmative Defense, the Defendants state that Wentz's claims are unconstitutional as applied to them.  The actions and statements at issue made by the Defendants are absolutely protected freedoms of speech and press under the First Amendment.

### Fourth Affirmative Defense

As their Fourth Affirmative Defense, the Defendants state that, to the extent that Wentz has suffered any damages, such damages were caused by his own negligence.

### Fifth Affirmative Defense

As their Fifth Affirmative Defense, the Defendants state that Wentz's claims are barred by Section 768.295, Florida Statutes (2017) (Florida's Anti-SLAPP statute).

### Sixth Affirmative Defense

As their Sixth Affirmative Defense, the Defendants state that Wentz had no reasonable expectation of privacy for conversations that occurred in public places (a bar and Panera).

### Seventh Affirmative Defense

As their Seventh Affirmative Defense, the Defendants state that Wentz's claims are barred, in whole or in part, due to his failure to mitigate his damages.

### Eighth Affirmative Defense

As their Eighth Affirmative Defense, the Defendants state that Wentz's claims are barred by the truth of the information disseminated by the Defendants.

Respectfully submitted this 19th day of February, 2018,

/s/ Jason Zimmerman
Jason Unger
Florida Bar No: 991562
Primary Email Address:
jason.unger@gray-robinson.com
Secondary Email Address:
Teresa Barreiro
teresa.barreiro@gray-robinson.com
Jason Zimmerman
Florida Bar No. 104392
Primary Email Address:
jason.zimmerman@gray-robinson.com
Secondary Email Address:
kathy.savage@gray-robinson.com;
David Oliver
Florida Bar No. 521922
Primary Email Address:
david.oliver@gray-robinson.com
Secondary Email Address:
donna.flynn@ray-robinson.com
GrayRobinson, P.A.
301 East Pine Street, Suite 1400 (32801)
P.O. Box 3068
Orlando, Florida 32802
Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will forward a true and correct copy of the foregoing via email to Cynthia Conlin & Associates cynthia@conlinpa.com; jeff@conlinpa.com; 1643 Hillcrest Street, Orlando, Florida 32803.

/s/ Jason Zimmerman
Jason Zimmerman
Florida Bar No. 104392

# 12033618 v1

18