# Kathy Savage

| | |
|---|---|
| **From:** | jennifer@cynthiaconlin.com on behalf of Jennifer Reed <jennifer@conlinpa.com> |
| **Sent:** | Monday, May 14, 2018 6:44 PM |
| **To:** | Brock Magruder |
| **Cc:** | Jason A. Zimmerman; Marc L. Levine; Jeff Aaron; Kathy Savage |
| **Subject:** | Re: Wentz/PV - Conferral on Defendants' Discovery Requests |
| **Attachments:** | Wentz Evaluations.pdf; Wentz References (787-Wentz).pdf; DRAFT Confidentiality Agreement (787-Wentz).docx; Project Veritas Posts .pdf |

Hi Brock,

I am attaching documents for production and a proposed confidentiality agreement.

Do you mind that I send you Plaintiff's amended responses to the requests for admission and interrogatories tomorrow?  They should be finalized then.

Here are Plaintiff's responses regarding our conferral on the requests for production:

**Requests for Production**

On specific Requests:

(1) You will get back to us about whether you will agree to produce Mr. Wentz' resume; please do so by May 14.  Plaintiff does not have a current resume.

(3, 4, 7, and 8) You will get back to us about whether your client is seeking economic damages.  We agreed to consider withdrawing these requests based on a stipulation that your client is not claiming any economic losses.  Plaintiff is not seeking damages for lost wages.

Thank you,
Jennifer

On Tue, May 8, 2018 at 1:15 PM, Brock Magruder <Brock.Magruder@gray-robinson.com> wrote:

Jennifer,

Thank you for conferring with me on your objections to our discovery requests.  Based on the agreements to narrow or otherwise modify the requests for documents, admissions, and information (as described below), you agreed to serve formal amended responses to the Requests for Admission and Interrogatories, and produce documents responsive to the narrowed Requests for Production on or before May 14, 2018.  Please let me know (ideally by responding in-line and in a different color) if you disagree or care to expand on/confirm my summary of our conferral.

**Requests for Admission**:

(1) We agreed to narrow this RFA to the student identified in the Complaint, which resolved your objections.

(2) We agreed to narrow the meaning of the term "tough love" to its meaning as used in Paragraph 35 of your Complaint.  Despite our clarification, you are standing on all of your objections to this RFA.

(3) We agreed to rephrase this RFA as follows, which resolved your objections:

Admit that a method of any of your teaching styles includes, even in part, threatening students with physical violence.

(5) We agreed to rephrase this RFA as follows, which resolved your objections:

Admit that, as a teacher, you have threatened a student with physical violence more than once.

(6) We agreed to rephrase this RFA as follows, which resolved your vague and ambiguous objection to the term "improper." You are standing on your overbreadth objection.

Admit that threatening students with physical violence in the role of a teacher is improper, regardless of whether or not you intend to act on the threats.

(7) We agreed to rephrase this FRA as follows, which resolved your objections:

Admit that you should never say in your role as a teacher to a student: "I will kick your fucking ass."

(10) We agreed to withdraw this RFA based on your representation that your client did not hold a leadership position in a teachers' union at the time he told this student: "I will kick your fucking ass."  You agreed to get back to us to confirm that representation.

(11 and 14) We agreed to add the qualifier ", while it is open for business during its business hours" to the end of these RFAs, which resolved your objections.

(15) We agreed to narrow the meaning of the term "private conversation" to its meaning in Paragraph 75 of your Complaint.  We also agreed to narrow the meaning of the term "public location" to "open to the public."  These modifications resolved your objections.

We agreed to withdraw RFAs 9, 12, 33, 16, 17, and 10 (to the extent you can confirm your representation as addressed above).

**Interrogatories**

As a preliminary matter, for the Interrogatories to which you objected and then answered, you represented you are not withholding any information based on the objections at this time.  To the extent that changes, you will notify us and either provide the information or advise the basis for withholding it.

(2) We agreed that for Interrogatory 2, we are seeking only statements that you contend are "literally false."  We agree that in responding to this Interrogatory you are not required to identify statements you allege are part of your defamation by implication claim.  Based on this agreement you agreed to withdraw your objections and identify the statements you allege are "literally false, and for which you seek some remedy in this lawsuit" only.

(6) Based on your representation that your client has not been employed by any other employer (other than Unified School District 259 and/or United Teachers of Wichita since 1990), we are satisfied with your response and do not need additional information on the employers.

(14) We agreed to limit the communications regarding Project Veritas to only those related to the allegations contained in the Complaint.  You agreed to get back with us about whether this resolves your objections, please do so by May 14.

(16) We have produced the unedited videos, which you agree resolves that objection.  We agree to rephrase this Interrogatory as follows, which resolves your remaining objections:

Please describe the "'explanatory context,' other aspects, [or] misattribute[ed] quotes," as described in Paragraph 15 of the Complaint, that were edited out, and would have made your statements more accurate.

(18) You promised to send a proposed confidentiality agreement that would resolve your objections to this Interrogatory, please do so by May 14.

(19) Our production of the unedited videos resolves your objections.

(20) We agreed to limit the terms "feigned force" and "tough love" to their meaning in Paragraph 35 of your Complaint, and add the qualifier that the information sought is only related to Mr. Wentz' role as a teacher.  However, you are standing on all of your objections.

(22) You agreed to withdraw your objections and simply state that you fully described the "motives" in Paragraph 103 of your complaint.

We agreed to withdraw Interrogatories 5, 15 and 23.

**Requests for Production**

Two preliminary matters.  First, for the Requests to which you objected and then answered "None," you represented you are not withholding any documents based on the objections at this time.  To the extent that changes, you will notify us and either provide the documents or advise the basis for withholding them.  Second, you have agreed to produce multiple categories of documents subject to your objections on or before May 14.  We discussed applying similar limitations on these Requests as we did for the above Interrogatories, and readdress any outstanding issues after review of your May 14 production.  To that end, please produce native documents whenever possible and include load files.

On specific Requests:

(1) You will get back to us about whether you will agree to produce Mr. Wentz' resume; please do so by May 14.

4

(3, 4, 7, and 8) You will get back to us about whether your client is seeking economic damages.  We agreed to consider withdrawing these requests based on a stipulation that your client is not claiming any economic losses.

We agreed to withdraw Request 2

Thanks,

Brock

**Brock Magruder | Associate Attorney**
**G R A Y** | **R O B I N S O N**

301 East Pine Street, Suite 1400 | Orlando, Florida 32801
**T:** 407-843-8880 | **F:** 407-244-5690
E-mail | Website | Bio | vCard

**Facebook** | **LinkedIn** | **Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

--
*Jennifer Reed, Esq.*

**1643 Hillcrest Street | Orlando, Florida 32803**
407-965-5519 | Fax 407-545-4397 | www.ConlinPA.com
The information in this email may contain confidential or privileged material. Any review, retransmission, dissemination, or other use of this information by anyone other than the intended recipient is prohibited. If you received this email in error, please forward it to
jennifer
@conlinpa.com, then permanently delete all copies of it from your computer.