THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **STEVE WENTZ,** | ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No.: |
| **PROJECT VERITAS**, a Virginia corporation; **JAMES O'KEEFE III**, an individual; and **ALLISON MAASS**, an individual, | ) ) 6:17-cv-001164 ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S UNOPPOSED MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER [DOC. 57]**

COMES NOW Plaintiff, STEVE WENTZ, by and through his undersigned counsel, pursuant to Rule 16(b)(4), Federal Rules of Civil Procedure, and hereby moves this Honorable Court for an order modifying the scheduling order to extend each deadline by four weeks.

**I.   Procedural History**

On or about January 8, 2018, this Court entered a Case Management and Scheduling Order setting Plaintiff's deadline to disclose expert reports for October 12, 2018. Doc. 57.

**II.  Legal Standard**

Rule 16(b)(4), Federal Rules of Civil Procedure, provides that, for good cause, the court may modify a scheduling order.

Further, good cause exists when a case management deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b), advisory Committee Notes (1983 Amendment).

### III. Good Cause Exists to Extend the Scheduling Order Deadlines Because Plaintiff's Expert Witness Cancelled at a Late Hour

Plaintiff's therapist provided Plaintiff with a psychologist that could act as an expert witness as to the emotional damages Plaintiff has suffered as alleged in this case. However, at a late hour, last Wednesday, the psychologist declined to serve as an expert witness. An alternative therapist Plaintiff has been attempting to hire has been out for the past week due to a funeral she had to attend and has not had the opportunity to review any therapy notes to form an opinion and decide whether she will be able to act as an expert witness. Plaintiff has acted diligently in seeking to secure an expert witness but is in need of additional time due to these unforeseen circumstances. As such, Plaintiff needs additional time to secure an appropriate expert witness to serve in this case. Therefore, Plaintiff seeks an extension of four weeks, or through November 12, 2018, in which to find an appropriate replacement and disclose his expert reports.

Extending Plaintiff's deadline to disclose expert reports

will require an extension on Defendants' deadline to disclose expert reports, as well as the discovery deadline, so that discovery may be conducted on any disclosed experts. As such, to maintain the existing buffer between each remaining deadline in this case, Plaintiff seeks an order modifying the Case Management and Scheduling Order to extend, by four weeks, all remaining deadlines.

Good cause exists to extend the deadlines in the Case Management and Scheduling Order because Plaintiff will need additional time to hire a new expert and allow the expert sufficient time to review materials in this matter before drafting an expert report. Therefore, Plaintiff requests this Court to extend the expert report disclosure deadline through November 12, 2018, to allow enough time to hire a new expert witness. In order to maintain the current buffer between the remaining deadlines, Plaintiff moves this Court to extend all remaining deadlines by four weeks to allow sufficient time to finalize discovery, prepare dispositive and Daubert motions, and finally to prepare for trial.

This motion has not been filed for purpose of delay. No party will be prejudiced by the granting of the relief sought herein.

**IV.   Conclusion**

Therefore, the Court should find good cause to modify the Case Management and Scheduling Order to extend the expert report disclosure deadline and remaining deadlines by four weeks.

WHEREFORE, Plaintiff, STEVE WENTZ, respectfully requests that this Honorable Court enter an order modifying the Case Management and Scheduling Order [Doc. 57] and extending Plaintiff's expert report disclosure deadline to November 12, 2018, Defendants' expert report disclosure deadline to December 10, 2018, the discovery deadline to January 7, 2018, Dispositive motions deadline to February 15, 2019, *Daubert* and *Markman* motions deadline to February 15, 2019, Meeting *In Person* to Prepare Joint Final Pretrial Statement deadline to April 12, 2019, Joint Final Pretrial Statement deadline to April 26, 2019, All other Motions Including Motions *In Limine* deadline to May 17, 2019, and Trial to July 1, 2019.

**CERTIFICATE OF COMPLIANCE OF LOCAL RULE 3.09(d)**

I hereby certify that prior to filing this motion, Plaintiff, Steve Wentz has been informed of the motion and has consented to it.

/s/ Jennifer Reed, Esq.
JENNIFER REED, ESQ.
Florida Bar No. 104986
Jennifer@conlinpa.com
service@conlinpa.com

**CERTIFICATE OF COMPLIANCE OF LOCAL RULE 3.01(g)**

I hereby certify that prior to filing this motion, the undersigned counsel conferred, telephonically supplemented by email, with G. Brock Macgruder III, Esq., counsel for Defendants, who stated he was unopposed to this motion.

/s/ Jennifer Reed, Esq.
JENNIFER REED, ESQ.
Florida Bar No. 104986
Jennifer@conlinpa.com
service@conlinpa.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **October 11, 2018,** a true and correct copy of the foregoing has been filed via CM/ECF.

*Attorney for Plaintiff*:

**Cynthia Conlin & Associates**
1643 Hillcrest Street
Orlando, FL 32803-4809
Tel. 407-965-5519/Fax 407-545-4397
www.ConlinPA.com

/s/ JENNIFER REED, ESQ.
JENNIFER REED, ESQ.
Florida Bar No. 104986
jennifer@conlinpa.com
Secondary Email for Service:
service@conlinpa.com

*Wentz v. Project Veritas et al.,* 6:17-cv-01164    Plaintiff's Unopposed Motion to Extend Scheduling Order Deadlines, Page **6** of **6**