# EXHIBIT "A"

# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **STEVE WENTZ,** | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No.: |
| **PROJECT VERITAS**, a Virginia corporation; **JAMES O'KEEFE III**, an individual; and **ALLISON MAASS**, an individual, | ) 6:17-cv-001164 |
| Defendants. | ) |

**PLAINTIFF'S DISCLOSURE AND REPORT FOR ROBERT LOVE**

COMES NOW Plaintiff STEVE WENTZ, by and through his undersigned counsel, and pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure, and hereby discloses the following expert witness:

ROBERT S. LOVE
2651 North Pershing Court
Wichita, Kansas 67220
Phone: 316. 303.4701
E-mail: rlove@usd259.net

Attached is the expert's report, which contains a background, scope of engagement, statement of all opinions with the basis and reasons for same, documents and information considered, qualifications, and compensation paid for testimony.

EXHIBIT "A"

## CERTIFICATE OF SERVICE

I hereby certify that on **November 13, 2018,** I served a true and correct copy of this document on counsel for Defendants via eservice.

*Attorney for Plaintiff:*

**Cynthia Conlin & Associates**
1643 Hillcrest Street
Orlando, FL 32803-4809
Tel 405-965-5519/Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@conlinpa.com
[ ] JENNIFER DAWN REED, ESQ.
Florida Bar No. 104986
Jennifer@conlinpa.com
Secondary Email for Service:
service@conlinpa.com

# Robert Love

2651 North Pershing Court
Wichita, Kansas
Phone: (316) 303-4701
E-Mail: rlove@usd259.net

# EXPERT REPORT

*Steve Wentz v. Project Veritas* et al., Case No. 6:17-cv-01164-GKS-GJK (MDFL)

I.  Background ................................................................................... 2
II. Scope of Engagement ..................................................................... 2
III. Statement of all opinions with the basis and reasons for those opinions ........... 2
   A. Interactions With At-Risk Students in an Urban Inner City School Requires a Certain Approach to Get Through to the Student ............................... 3
   B. Steve Wentz's Interaction with Cortez Orange was Appropriate Based on the Setting. ................................................................................. 4
   C. Steve Wentz Demonstrated that He Cared Through His Interaction with Cortez Orange ........................................................................ 4
IV. Documents and Other Information Considered in Forming the Opinions ........... 5
V.  Qualifications ................................................................................. 5
VI. Compensation Paid for the Study and Testimony ..................................... 5

**Exhibits:**

*Curriculum Vitae* ................................................................. Exhibit "A"

I.  **Background**

   **Case style:**  *Steve Wentz v. Project Veritas* et al.

   **Case No.:**  6:17-cv-01164-GKS-GJK

   **Court:**  U.S. District Court, Middle District of Florida

   Plaintiff, Steve Wentz, sued Defendants, Project Veritas, James O'Keefe III, and Allison Maass, for alleged defamation and interception of oral communications. Plaintiff claims Defendants secretly recorded a private conversation with Plaintiff with the intention of defaming him. Then Defendants defamed Plaintiff when they edited the videos out of context to create a defamatory YouTube video about Plaintiff discussing a conversation he had with a student (Cortez Orange), making Plaintiff appear to be an abusive teacher who threatens students with violence.  Defendants deny Plaintiff's accusations.

II.  **Scope of Engagement**

   I was retained by Plaintiff in this case to discuss the unique setting that is an urban inner-city school and the approach required when handling at-risk students in such a setting, and to assess the propriety of Plaintiff's conversation, discussed in Allison Maass's video, in the context of an urban inner city school, where gangs abound, gun violence is rampant, and the lives of students are often at risk.

III.  **Statement of all opinions with the basis and reasons for those opinions**

   I have discussed with Steve Wentz the conversation he had with Cortez Orange and with Allison Maass and have reviewed the documentation, information,

evidentiary material, and declarations furnished to me, including those described in Paragraph IV below. Based upon my review of this information, and also based on my training, experience, and knowledge as a Student Support Advisor in an urban inner city school, I can and do hereby express the following opinions related to the instant litigation:

> A. Interactions With At-Risk Students in an Urban Inner City School Requires a Certain Approach to Get Through to the Student

As a 67-year-old educator, I can attest that today's students—in urban, inner city schools—are an entirely different breed than the students from previous generations. Gone are the days of "Yes, Sir," "No, Sir," "Right away, Mam," and, "Of course I will." Those days are gone. Today's students have been raised in a culture saturated with misogyny, gun violence, profanity, threats to physical safety, gang affiliation, poverty, hunger, missed meals, and countless other late 20th Century educational obstacles. My experience shows me daily that the past respect for adult authority is sorely lacking in today's schools. In the past, students frequently came from two parent homes and experienced stability and consistent discipline. That is no longer the case. Today's students are bombarded by social media, which is largely negative, and are in possession of hand held distractions (cell phones). In the past, students were sent to school by parents who admonished them to "do whatever the teacher tells you to do, without asking why, and without any backtalk!" Today, parents often send their children to school with an entirely different mindset; they no longer consider the teacher as an extension of the parent but rather as an outside, hostile force that has no real authority and is there to serve at the child and parent's

pleasure. "Because I'm the teacher and I said so," which was once effective, is outdated and useless; today's students require and demand an entirely different approach.

### B. Steve Wentz's interaction with Cortez Orange was appropriate based on the setting.

Because Mr. Wentz had not yet "proven" himself to Cortez, it was appropriate for him to interact with Cortez behind classroom doors. The way to interact successfully with challenging students is to build interpersonal relationships. Mr. Wentz had to let Cortez know that he was aware of Cortez's intentions and disgruntlement. By speaking to Cortez, Mr. Wentz displayed a proactive approach that is often employed by veteran inner-city educators. Although you will not find such an interaction in a Curriculum & Instruction textbook, in the real world of urban education it is commonplace and it is effective.

### C. Steve Wentz demonstrated he cared through his interaction with Cortez Orange.

Mr. Wentz demonstrated his care for Cortez and his own investment in their future relationship. It would have been easier for Mr. Wentz to ignore Cortez's behavior, to continue to ignore his behavior, and to let it inevitably erupt into a classroom disruption. Then, Mr. Wentz could have passed Cortez on to an administrator and washed his hands of the student. Instead, Mr. Wentz chose to interact with Cortez without delay---to make an emotional deposit, to spend some time now in the hopes of more quality time later—and that demonstrates compassion, empathy, and a willingness to sacrifice his "own" time.

## IV. Documents and other information considered in forming the opinions

I spoke with Steve Wentz regarding the at-issue conversation with Cortez Orange. I reviewed court documents and other documents received by Plaintiff's attorneys in discovery. Therefore, in forming my opinions, documents I reviewed included:

A. The Amended Complaint

B. The unedited video recorded by Allison Maass of her conversation with Steve Wentz.

## V. Qualifications

I received my bachelor's of arts in recreation from Washburn University. I am currently employed by the USD 259, Wichita, Kansas as the Director of Ready to Impact, a dropout prevention program. Within this capacity, I counsel and support at-risk students by conducting home visits, monitoring academic progress reports, coordinating with court officials, classroom teachers, administrators, coaches, and counselors, securing medical, dental, and vision care, facilitating post-secondary plans and implementing them; providing day-to-day assistance as needed with everything from flat tires to gas money to personal hygiene products. My area of specialty is to provide wraparound support services for students in danger of dropping out. I provide student support specifically by supporting interpersonal relationships with students and parents. My resume is attached hereto as Exhibit "A."

## VI. Compensation Paid for the Study and Testimony

I am being compensated at a rate of $100 for my pre-trial initial study and

review, and for trial preparation and testimony at trial.

I declare, under penalty of perjury, that the foregoing is a true and correct statement. Executed on the ____ day of November, 2018, by:

*Expert Witness for Plaintiff:*

*[signature: Robert S. Love]*
Robert Love
2651 North Pershing Court
Wichita, Kansas 67220
rlove@usd259.net

# Robert S. Love

2651 North Pershing Court
Wichita, Kansas
67220

Phone: 316. 303.4701
E-mail: rlove@usd259.net

### Qualifications

My professional life is in urban education. My purpose is to provide disenfranchised students with the necessary supports for success.  Students rely on me for personal, specific, and academic resources. My wide network runs throughout and beyond USD 295 into the professional, entertainment, and community sectors. I have built a reputation of success on my integrity, resourcefulness, honesty, and work ethic. My strengths include interpersonal communication, making others aware of positive alternatives in behavior, and maintaining quality relationships.

### Professional Experience

2007 to Present, Student Support Advisor, Wichita Public Schools/Ready to Impact
- Developing and implementing individual educational plans for students
- Specializing in credit recovery
- Coordinating with Learning Center staff, counselors, and administrators as a student advocate
- Serving as a liaison between home and school, especially regarding students' academic progress
- Developing and monitoring budgets
- Providing transportation, school supplies, individual counseling, and motivation

1998 to 2007, Gear-Up Advisor, Alcott Academy
- Reintegrate youth into comprehensive schools
- Consulting with parents, teachers, and administrators regarding students' needs
- Providing activities for students that focus on personal, academic, and social success
- Consulting with teachers in areas of career development

1991 to 1998, Sedgwick County Community in Schools
- Supervised and managed school site project, and staff case managers
- Served as liaison between the CIS project and school administration
-  Coordinated home visits

### Education

1975 Washburn University, Topeka Kansas
Bachelor of Arts in Recreation

EXHIBIT "A"

# Robert S. Love

**References**

Cindy Cisneros McGilvrey, PhD
Director
Wichita Adult Learning Center
cmcgilvrey@usd259.net
316.680.6585

William Polite, EdD
Director of Equity & Accountability
USD 259
 wpolite@usd259.net
312.497.2970

**Affiliations**
YMCA Advisory Board
African American Academy
Family Preservation Metropolitan
City of Wichita Department of Parks and Recreation Task Force
Community Advocacy Council/Chester Lewis Simon Academy
Tabernacle Bible Church
Rudy Love & the Love Family Band