# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

STEVE WENTZ,

    Plaintiff,

v.                                    CASE NO: 6:17-cv-01164-ORL-18GJK

PROJECT VERITAS, a Virginia
Corporation; JAMES O'KEEFE III;
ALLISON MAASS; and BREITBART
NEWS NETWORK, LLC, a Delaware
company,

    Defendants.

_____/

## DEFENDANTS' MOTION TO COMPEL DISCOVERY
## RESPONSES FROM PLAINTIFF AND FOR RULE 37 SANCTIONS

Defendants, Project Veritas, James O'Keefe III ("O'Keefe"), and Allison Maass ("Maass") (collectively, the "Defendants"), pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 3.04, respectfully request the Court enter an Order compelling the production of documents responsive to Defendants' August 24, 2018 Request for Production Number 6 and a fulsome answer to Defendants' August 24, 2018 Interrogatory Number 24, and ordering Plaintiff to reimburse Defendants' their reasonable attorneys' fees in obtaining this relief, and state:

**Introduction and Summary of Argument**

Defendants served Request for Production Number 6 and Interrogatory Number 24 (the "Discovery Requests") on August 24, 2018, which asked Plaintiff to identify meetings with several individuals and entities, including Lauren Windsor, and sought copies of any

documents regarding those meetings or communications. The Discovery Requests targeted information that is relevant to Defendants' affirmative defense that this lawsuit was filed in violation of Florida's anti-SLAPP statute. Plaintiff initially objected to the Discovery Requests as overbroad, vague, and lacking adequate definitions, and Defendants agreed to narrow the Discovery Requests during the Rule 37(a)(1) and Local Rule 3.01(g) conferral.[1] Plaintiff responded to the narrowed Discovery Requests on October 10, 2018, stating he "has no documents responsive to this request" and "that there are no such communications."[2]

In preparation for a Rule 30(b)(6) deposition set in this case, Defendants learned Ms. Windsor was deposed in a case brought by Democracy Partners, LLC against Project Veritas Action Fund on July 18, 2018.[3] At that deposition, Ms. Windsor testified under oath that she (1) met with Mr. Wentz twice in person and spoke with him on the phone several times about the investigation underlying this lawsuit; (2) preserved emails to and from Mr. Wentz to set up those meetings; and (3) exchanged email and telephone correspondence with Plaintiff's counsel in this case.[4] Assuming Ms. Windsor did not perjure herself before the United States District Court for the District of Columbia – something she does not appear to have any reason to do here – Mr. Wentz's and his counsel's responses to the Discovery Requests are patently evasive, designed to prevent Defendants from discovering relevant and probably admissible information and evidence in this lawsuit, and subject to sanctions. On further

---

[1] Email Correspondence between counsel dated October 10, 2018, attached as Exhibit "A." Exhibit "A" contains undersigned counsel's initial email dated September 27, 2018, identifying the agreements reached on conferral (black text), as well as Plaintiff's counsel's supplemental responses to the narrowed Discovery Requests (red text in original document, also highlighted here for Court's convenience).
[2] Ex. "A," p. 2.
[3] *Democracy Partners, LLC v. Project Veritas Action Fund*, Case No.: 1:17-CV-1047-ESH, currently pending in the United States District Court for the District of Columbia.
[4] Excerpt Dep. Tr. Lauren Windsor, July 18, 2018, pp. 193-96 (attached as Exhibit "B").

conferral before the filing of this Motion, Plaintiff's counsel admitted that these documents exist, but they had unilaterally determined they are not relevant to the claims and defenses in this lawsuit and therefore not responsive to the Discovery Requests.

Defendants pled as an affirmative defense that this lawsuit is an improper attempt to curtail public participation under Florida's anti-SLAPP statute, and communications with other litigants and their lawyers against Defendants about this lawsuit are clearly relevant to that issue. Even were that not the case, Plaintiff cannot unilaterally parse so narrowly what information is relevant to the claims and defenses here, and has no reasonable basis to withhold these documents under the broad interpretation of Rule 26. The Court should compel the production of these documents, a fulsome answer to the interrogatory, and sanction Plaintiff and his counsel for this abuse of the discovery process.

## Argument and Memorandum of Law

### I. Legal Standard.

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant discovery is defined broadly as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* A party may move for an order compelling disclosure or discovery, and the court has broad discretion to compel or deny discovery. Fed. R. Civ. P. 37; *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, 2015 WL 5781098 (M.D. Fla. Sept. 30, 2015). When a party fails to provide discovery responses or produce documents, the Court may impose sanctions including requiring the failing party or his

counsel to pay the reasonable attorneys' fees and expenses caused by the failure. Fed. R. Civ. P. 37(a)(5). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## II. The Discovery Requests, Plaintiff's Objections, and Conferral.

Defendants have been sued around the country for reporting stories – like the one at issue in this lawsuit – that caused embarrassment for public officials and institutions exposed for fraud, abuse, waste, and impropriety. Defendants suspect the plaintiffs in these various lawsuits – potentially with help, assistance, and funding from other entities and institutions – coordinate, strategize, and share information with each other in an effort to quash Defendants' first-amendment rights by forcing them to spend time and resources defending lawsuits instead of furthering their journalistic mission. Many of these communications, which we now know exist, are relevant and potentially admissible at trial, particularly in support of the defense that this lawsuit violates Florida's Anti-SLAPP statute prohibiting strategic lawsuits against public participation.[5]

As such, Defendants served in this case the following Discovery Requests (to which Plaintiff initially objected):

> **Request No. 6.** Copies of all documents including, but not limited to, emails, texts, or written correspondence in any format, by plaintiff or his lawyers with Georgetown, Lauren Windsor, Yael Bromberg, any Georgetown law students, Aderson Francois, Rober Creamer, Joseph Sandler, Dara Lindebaum, Democracy Partners, Mike Lux Media (MLM), Lady Libertine, and/or the Undercurrent.
>
> **Objection.** This request is overbroad, not limited to the subject matter of the complaint, and not relevant to the current pending claims and defenses. This request is also vague, ambiguous, and

---

[5] § 768.295, Fla. Stat.

> fails to particularize what is seeks. Furthermore, Defendant fails to define Georgetown, Democracy Partners, Mike Lux Media (MLM), Lady Libertine, and/or The Undercurrent.
>
> **Interrogatory No. 24.** Please list every instance by date and time that plaintiff or his lawyers met with in person or communicated with, by phone or any other communication device, Georgetown, Lauren Windsor, Yael Bromberg, any Georgetown law students, Aderson Francois, Robert Creamer, Joseph Sandler, Dara Lindebaum, Democracy Partners, Mike Lux Media (MLM), Lady Libertine, and/or The Undercurrent.
>
> **Objection.** First, Plaintiff respectfully objects to the timeframe from 1990 to the present as overly broad. Second, this request fails to define "Georgetown," "Democracy Partners," "Mike Lux Media (MLM)," "Lady Libertine," and/or "The Undercurrent." Third, this request is wholly irrelevant to Plaintiff's claims for defamation or recording Plaintiff in violation of state and federal law or any of Defendants' affirmative defenses. For example, Plaintiff or his lawyers may have spoken to a Georgetown law student in 1990 about topics unrelated to Project Veritas. Furthermore, even if Plaintiff had spoken to one of these persons or entities about Project Veritas or the video, it would not be relevant to Plaintiff's claims or Defendant's defenses. This request will not resolve the issue in this case. Finally this request is simply harassing and a fishing expedition.

On September 26, 2018, undersigned counsel conferred with Plaintiff's counsel to resolve these objections and agreed to the following limitations: (1) that the requests sought only documents or information "related to the claims and defenses in this lawsuit;" (2) that, in relation to the entities, the requests sought only documents or information "with that entity's employees or agents in their capacity as agents of the entity;" and (3) providing detailed definitions of each entity including hyperlinks to their websites.[6] To the narrowed

---

[6] Ex. "A," p. 2.

Discovery Requests Plaintiff responded "Plaintiff has no documents responsive to this request" and "there are no such communications."[7]

### III. The Information and Documents are Relevant and Proportional to the Needs of this Case

Federal Rule of Civil Procedure 26 broadly entitles discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Defendants pled as an affirmative defense that this lawsuit violates Florida's Anti-SLAPP statute, which prohibits strategic lawsuits against public participation. (Doc. 82, pp. 11-12 and Doc. 83, pp. 21-22). "It is the intent of the Legislature to protect the right in Florida to exercise the rights of free speech in connection with public issues, and the rights to peacefully assemble, instruct representatives, and petition for redress of grievances before the various governmental entities of this state as protected by the First Amendment to the United States Constitution and s. 5, Art. I of the State Constitution. It is the public policy of this state that a person or governmental entity not engage in SLAPP suits because such actions are inconsistent with the right of persons to exercise such constitutional rights of free speech in connection with public issues." § 768.295, Fla. Stat. In enacting Florida's anti-SLAPP statute, the Legislature found and declared "that prohibiting such lawsuits as herein described will preserve this fundamental state policy, preserve the constitutional rights of persons in Florida, and assure the continuation of representative government in this state." *Id.*

Communications about this lawsuit between otherwise-unrelated plaintiffs who filed similar lawsuits against Defendants are – at least – relevant to this affirmative defense and

---

[7] *Id.*

could be relevant for a variety of other reasons. These communications may contain admissions, non-privileged information about Mr. Wentz's thoughts and discussions about this lawsuit, or even expose a coordinated effort among a group of otherwise-unrelated plaintiffs to ensnare Defendants in expensive litigation to thwart first-amendment rights. Whatever the case, these communications and meetings between Mr. Wentz and others about this lawsuit are clearly discoverable under Rule 26 and his and his counsel's flippant determination that they are irrelevant and non-responsive, without disclosure that they exist, is a flagrant abuse of the discovery process.

Based on Ms. Windsor's sworn testimony the communications and meetings were directly related to the investigation underlying this lawsuit. Specifically, she testified she reached out to Mr. Wentz via email to "get information about the sting that he was involved in for the website [presumably Project Veritas Exposed][8]."[9] She goes on to testify "[Mr. Wentz] had not been aware of the, that it was Allison, per se. And so through our conversation he was able to determine that it was Allison Maass."[10] It appears from this testimony that not only did Mr. Wentz discuss the investigation underlying this lawsuit with Ms. Windsor, she helped him identify a named defendant. It is challenging to imagine a communication more germane to a lawsuit than one that identified who to name as a defendant in the case.

Plaintiff's counsel admits these communications exist, but now after being caught in their non-disclosure, contend they are not relevant to the claims and defenses in this case and

---

[8] Lauren Windsor, *Project Veritas Exposed*, https://www.projectveritas.exposed (last visited Nov. 28, 2018).
[9] Ex. "B," p. 196, lns. 3-5.
[10] Ex. "B," p. 196, lns. 14-18.

thus not responsive to the Discovery Requests. First, nothing authorizes counsel to make such a unilateral and narrow determination of discoverability under Rule 26, especially in conjunction with the seemingly unequivocal responses that "Plaintiff has no documents responsive to this request" and "there are no such communications."[11] Best and honest practice dictates, at the very least, a disclosure that these documents were being withheld so that this issue could be timely and efficiently litigated. Second, Plaintiff's counsel's after-the-fact justification for their responses – that we did not say no documents existed, we said no _responsive_ documents existed – is at best an intrepid discovery tactic, at worst intentional obstructionism.

### IV.     Sanctions Should be Imposed

When a motion to compel under Rule 37 is granted the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" absent circumstances not present here. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff and his counsel's evasive and misleading responses to the Discovery Requests made it impossible for Defendants to conduct discovery into these issues, and failed to even place Defendants on notice that potentially relevant communications existed. Defendants would not even know about these communications but for the testimony of an otherwise-unrelated plaintiff in a different lawsuit, which raises serious concerns regarding not only Plaintiff and his counsel's conduct here, but also for the candor of their many other discovery responses that "no responsive documents exist." The

---

[11] Ex. "A," p. 2.

Court should sanction Plaintiff and his counsel for these discovery tactics and order them to reimburse Defendants their reasonable attorneys' fees incurred in conducting the original good-faith conferral to resolve their initial objections and all other efforts to obtain the relief sought herein.

### Conferral Pursuant To Rule 37(a)(1) and Local Rule 3.01(g)

Before filing this motion on September 26 and November 27 and 28, 2018, pursuant to Local Rule 3.01(g), Brock Magruder, the Defendants' counsel, conferred with Jennifer Reed, Plaintiff's counsel, who opposes the requested relief and maintains the documents withheld were not subject to disclosure, are not relevant to the claims and defenses in this lawsuit, and thus were not responsive to the Discovery Requests.

WHEREFORE, Defendants respectfully request the Court enter an Order (1) compelling the production of documents responsive to Request to Produce Number 6; (2) compelling a fulsome answer to Interrogatory Number 24; (3) imposing sanctions against Plaintiff and his counsel for these discovery violations; and (4) granting such further relief as the Court deems just and proper.

Respectfully submitted this 28th day of November, 2018,

/s/ *Brock Magruder*
Jason Zimmerman
Florida Bar No. 104392
Primary Email Address:
jason.zimmerman@gray-robinson.com
Secondary Email Address:
cindi.garner@gray-robinson.com
kathy.savage@gray-robinson.com
Brock Magruder
Florida Bar No. 112614
Primary Email Address:
brock.magruder@gray-robinson.com

Secondary Email Address:
shawna.tucker@gray-robinson.com
Jeffrey M. Aaron
Florida Bar No. 123473
Primary Email Address:
jeff.aaron@gray-robinson.com
GrayRobinson, P.A.
301 East Pine Street, Suite 1400 (32801)
P.O. Box 3068
Orlando, Florida 32802
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will forward a true and correct copy of the foregoing via email to Cynthia Conlin & Associates cynthia@conlinpa.com; service@conlinpa.com; parker@conlinpa.com; 1643 Hillcrest Street, Orlando, Florida 32803.

*/s/ Brock Magruder*
Brock Magruder
Florida Bar No. 112614

## **INDEX TO EXHIBITS**

| **Exhibit** | **Document** |
|---|---|
| A | Email Correspondence between counsel dated October 10, 2018 |
| B | Excerpts of Deposition of Lauren Windsor taken July 18, 2018 |