**THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| STEVE WENTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: |
| | ) 6:17-cv-01164-GKS-GJK |
| PROJECT VERITAS, | ) |
| JAMES O'KEEFE III, and | ) |
| ALLISON MAASS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS'
THIRD INTERROGATORIES**

COMES NOW Plaintiff, Steve Wentz, by and through his undersigned counsel, pursuant to Rule 33, Federal Rules of Civil Procedure, and provides his objections to Defendants' Third Set of Interrogatories.

# COMPOSITE EXHIBIT "A"

**Interrogatory No. 24** Please list every instance by date and time that plaintiff or his lawyers met with in person or communicated with, by phone or any other communication device, Georgetown, Lauren Windsor, Yael Bromberg, any Georgetown law students, Aderson Francois, Robert Creamer, Joseph Sandler, Dara Lindebaum, Democracy Partners, Mike Lux Media (MLM), Lady Libertine, and/or The Undercurrent.

Objection. First, Plaintiff respectfully objects to the timeframe from 1990 to the present as overly broad. Second, this request fails to define "Georgetown," "Democracy Partners," "Mike Lux Media (MLM)," "Lady Libertine," and/or "The Undercurrent." Third, this request is wholly irrelevant to Plaintiff's claims for defamation or recording Plaintiff in violation of state and federal law or any of Defendants' affirmative defenses. For example, Plaintiff or his lawyers may have spoken to a Georgetown law student in 1990 about topics unrelated to Project Veritas. Furthermore, even if Plaintiff had spoken to one of these persons or entities about Project Veritas or the video, it would not be relevant to Plaintiff's claims or Defendant's defenses. This request will not resolve the issues in this case. Finally, this request is simply harassing and a fishing expedition.

## **VERIFICATION OF INTERROGATORIES**

I, STEVE WENTZ, Plaintiff herein, declare under penalty of perjury that the foregoing answers are true and correct to the best of my knowledge

Signed on:

_____, 2018        By:_____

                                   Print Name:_____

## ATTORNEY'S CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on **September 24, 2018,** a copy of the foregoing responses to Plaintiff's First Request for Admissions was served onto counsel for Defendants via email at:

jason.zimmerman@gray-robinson.com, Cindi.Garner@gray-robinson.com, Kathy.Savage@gray-robinson.com, David.Oliver@gray-robinson.com, Donna.Flynn@gray-robinson.com, Marc.Levine@gray-robinson.com, Andrea.Taylor@gray-robinson.com, and Brock.Magruder@gray-robinson.com.

*Attorney for Plaintiff*:

**Cynthia Conlin & Associates**
1643 Hillcrest Street
Orlando, FL 32803-4809
Tel. 405-965-5519/Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@conlinpa.com
[ ] JENNIFER DAWN REED, ESQ.
Florida Bar No. 104986
Jennifer@conlinpa.com
Secondary Email for Service:
service@conlinpa.com

**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| STEVE WENTZ,<br><br>  Plaintiff,<br><br>v.<br><br>PROJECT VERITAS,<br>JAMES O'KEEFE III, and<br>ALLISON MAASS,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.:<br>) 6:17-cv-01164-GKS-GJK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE, WITH OBJECTIONS, TO**
**DEFENDANTS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Plaintiff, STEVE WENTZ, pursuant to Rule 34, Federal Rules of Civil Procedure, by and through his undersigned counsel, and hereby serves these timely objections and response to the Third Request for Production served by Defendants, Project Veritas, James O'Keefe III, and Allison Maass, with responses herein.

**Request No. 1. Copies of all engagement letters, representation agreements, or documents of any kind which identify the law firms or attorneys that represent you in this case.**

Objection.  This request is overbroad in its request for "documents of any kind which identify the law firms or

attorneys that represent you," as any document drafted by Plaintiff's attorneys in this case could be responsive to this request. In this respect, this request seeks the discovery of documents protected by the attorney-client privilege and work-product doctrine. To the extent that Defendants seek a privileged document that describes the nature of legal services provided, Plaintiff has listed its agreement for representation on a privilege log. However, this request is also harassing because it essentially seeks every single communication between attorney and client, which is grossly improper due to the known privilege of attorney-client communications, and which creates an undue burden for Plaintiff to list every single email, message, and every other communication in a privilege log. Furthermore, this request is not limited to the subject matter of the complaint and is not relevant to the current pending claims and defenses.

**Request No. 2.** **Copies of all documents or contracts between you or your attorneys related to any agreement of any kind to pay for or reimburse you or your attorneys for attorneys' fees or costs related to your representation in this lawsuit.**

Objection. This request seeks the production of documents protected by the attorney-client privilege and work product doctrine. Furthermore, any agreement regarding the payment of Plaintiff's attorney's fees is not relevant to the current pending claims and defenses. Attorney's fees are not yet ripe for determination. *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1298 (S.D. Fla. 2007) (finding that Plaintiff would have to prevail on liability before the issue of attorneys' fees would become relevant). Finally, Plaintiff incorporates his objections in Request No. 1 because this request appears to request the same thing as in No. 1.

**Request No. 3.** **Copies of all documents regarding payments made by your or anyone on your behalf for attorneys' fees or costs related to your representation in this lawsuit.**

Objection. This request is overbroad, not limited to the subject matter of the complaint, and not relevant to the current pending claims and defenses. Attorney's fees are not

yet ripe for determination. Moreover it may include privileged communications.

**Request No. 4. Copies of all written correspondence about this case between you and any other individual or company, other than your attorneys.**

Objection. This request is overbroad, not relevant to the current pending claims and defenses, and not proportional to the needs of this case. For example, any texts between Plaintiff and his wife that mention this case would be responsive to this request but would not be relevant and would be unnecessarily intrusive into Plaintiff's private conversations when the communications would not resolve the issues in this case, moreover, they would be privileged marital communications. This request is also vague, ambiguous, and fails to particularize what it seeks.

**Request No. 5. Copies of all written correspondence about the allegations contained in the Complaint or proposed Amended Complaint between you and any other individual or company, other than your attorneys.**

Objection. This request is overbroad, not relevant to the current pending claims and defenses, and not proportional

to the needs of this case. For example, any texts between Plaintiff and his wife that mention this case would be responsive to this request but would not be relevant and would be unnecessarily intrusive into Plaintiff's private conversations when the communications would not resolve the issues in this case. Furthermore, such communications would be privileged marital communications. This request is also vague, ambiguous, and fails to particularize what it seeks.

**Request No. 6.** **Copies of all documents including, but not limited to, emails, texts, or written correspondence in any format, by plaintiff or his lawyers with Georgetown, Lauren Windsor, Yael Bromberg, any Georgetown law students, Aderson Francois, Robert Creamer, Joseph Sandler, Dara Lindebaum, Democracy Partners, Mike Lux Media (MLM), Lady Libertine, and/or The Undercurrent.**

Objection. This request is overbroad, not limited to the subject matter of the complaint, and not relevant to the current pending claims and defenses. This request is also vague, ambiguous, and fails to particularize what it seeks. Furthermore, Defendant fails to define Georgetown, Democracy Partners, Mike Lux Media (MLM), Lady Libertine, and/or The Undercurrent.

**PRIVILEGE LOG**

| Request No. | Name or Description of Document |
|---|---|
| 1,2 | Agreement for Representation (describes the nature of legal services) |
| 1,2 | Every single communication between attorney and client. |

**ATTORNEY'S CERTIFICATE OF SERVICE**

    I hereby certify that on **September 24, 2018,** a copy of the foregoing responses to Plaintiff's First Request for Admissions was served onto counsel for Defendants via email at jason.zimmerman@gray-robinson.com, Cindi.Garner@gray-robinson.com, Kathy.Savage@gray-robinson.com, David.Oliver@gray-robinson.com, Donna.Flynn@gray-robinson.com, Marc.Levine@gray-robinson.com, Andrea.Taylor@gray-robinson.com, and Brock.Magruder@gray-robinson.com.

*Attorney for Plaintiff*:

**Cynthia Conlin & Associates**
1643 Hillcrest Street
Orlando, FL 32803-4809
Tel. 405-965-5519/Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@conlinpa.com
[ ] JENNIFER DAWN REED, ESQ.
Florida Bar No. 104986
Jennifer@conlinpa.com
Secondary Email for Service:
service@conlinpa.com