**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| STEVE WENTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) 6:17-cv-01164-GKS-GJK |
| PROJECT VERITAS, | ) |
| JAMES O'KEEFE III, and | ) |
| ALLISON MAASS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSES, WITH OBJECTIONS, TO**
**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COME NOW Plaintiff, STEVE WENTZ, pursuant to Rule 34, Federal Rules of Civil Procedure, by and through his undersigned counsel, and hereby serves these timely objections to Defendants, Project Veritas, James O'Keefe III, and Allison Maass' First Request for Production of Documents, with responses herein and documents to follow.

**Request No. 1. A copy of your current resume or curriculum vitae.**

Plaintiff respectfully objects to this request in that it is irrelevant to the claims in this case. Plaintiff's resume bears no relevance on Plaintiff's claims against Defendants for defamation for alleging that he is a violent teacher who

abuses his students or for shirking his duties as the president of president of the teachers' union; for Interception of Oral Communications in violation of 18 U.S.C. §§ 2521, 2520; for violation of Florida Security of Communcations Act; or violation of §§ 22-2518, Kansas Statutes.

**Request No. 2.** **All documents relating to the allegations in the Complaint.**

Plaintiff respectfully objects to the overbreadth of this request. Rule 34(b) of the Federal Rules of Civil Procedure states in pertinent part: "The Request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." *Gupta v. Walt Disney World Co.*, 6:05CV1432 ORL22JGG, 2006 WL 2724899, at *1 (M.D. Fla. Sept. 22, 2006), aff'd, 256 Fed. Appx. 279 (11th Cir. 2007). Defendants' catch-all request fails to meet the "reasonable particularity" requirement. *Id*. Furthermore, this request seeks the production of documents protected by the attorney client privilege and work-product doctrine, as any communications between client and attorney or any notes or memoranda drafted regarding the Complaint would be responsive to this request.

Plaintiff needs a more particularized request to understand what Defendant is requesting.

**Request No. 3.** **Copies of all documents relating to any employment records, employment agreement, or personnel file relating to any job you had throughout the relevant time period.**

Plaintiff respectfully objects to the overbreadth of this request. Defendants' catch-all request fails to meet the "reasonable particularity" requirement of Rule 34(b) of the Federal Rules of Civil Procedure. Furthermore, documents related to any job Plaintiff has had since 1990 would contain documents that are irrelevant to the current claims. For example, this request would include documents regarding employer-paid health insurance, W-2 forms, etc., which would be irrelevant to the issues in this case.

Subject to and without waiving these objections and limitations, Plaintiff will produce, at Defendants' expense, documents related to disciplinary action or reprimands for alleged violence against a teacher, student, or parent, or related to Plaintiff shirking his duties as an employee. Plaintiff should be able to produce any documents within two weeks.

**Request No. 4.** **All documents relating to any complaint, disciplinary action, reprimand, accusation, or charge asserted against you, whether formal or informal, in your capacity as a teacher.**

Plaintiff respectfully objects to the overbreadth of this request in that it covers documents that would be irrelevant to this case. As Plaintiff brought his claims based in part upon Defendants' false and defamatory claims that Plaintiff abuses students and shirks his duties, only charges relating to same would be relevant to the current case. Furthermore, this request encompasses documents protected by the attorney-client privilege and work-product doctrine because Defendant Project Veritas "accused" Plaintiff of abusing his students, and any work Plaintiff's attorney has done in response to these accusations would be responsive to this request.

Subject to and without waiving these objections and limitations, Plaintiff will produce, at Defendants' expense, any documents related to disciplinary action and/or reprimands for alleged violence against a teacher, student, or parent, or related to Plaintiff shirking his duties as a teacher. Plaintiff should be able to produce any documents within two weeks.

**Request No. 5.** **All documents relating to any complaint, disciplinary action, reprimand, accusation, or charge asserted against you, whether formal or informal, in your capacity as an officer of a teachers' union.**

Plaintiff respectfully objects to the overbreadth of this request in that it covers documents that would be irrelevant to this case. As Plaintiff brought his claims based in part upon Defendants' false and defamatory claims that Plaintiff shirks his duties as the president of the United Teachers of Wichita, only formal or informal charges relating to same would be relevant to the current case. Furthermore, this request encompasses documents protected by the attorney-client privilege and work-product doctrine because Defendant Project Veritas "accused" Plaintiff of being corrupt and any work Plaintiff's attorney has done in response to these accusations would be responsive to this request.

Subject to and without waiving these objections and limitations, Plaintiff states he has the following responsive documents:

None.

**Request No. 6.** **All documents relating to any incident with any student described in Paragraph 35, subparts a-h, of your Complaint.**

Plaintiff respectfully objects to the overbreadth of this request in that it contains documents that would be irrelevant to the current case. For example, if Plaintiff sent a student to the principle's office for being late for class, a report related to such an incident would be responsive to this request but would not be relevant. Furthermore, this request encompasses documents protected by the attorney-client privilege and the work product doctrine, as Plaintiff has hired counsel in relation to the false and defamatory statements made by Defendants as relates to Paragraph 35 of the Complaint. Therefore, any work done or conversations had with counsel would be responsive to this request but would be privileged.

Subject to and without waiving these objections and limitations, Plaintiff states he has the following responsive documents:

None.

**Request No. 7.** **All documents relating to your annual compensation during your career as an educator.**

Plaintiff respectfully objects to the relevance of this request. Plaintiff has brought claims against Defendants for defamation for alleging that he is a violent teacher who abuses his students and shirks his duties as president of the United Teachers of Wichita, for Interception of Oral Communications in violation of 18 U.S.C. §§ 2521 and 2520, for violation of Florida Security of Communications Act, and for violation of §§ 22-2518, Kansas Statutes. Plaintiff's compensation is not relevant to these claims.

**Request No. 8.** **Copies of your tax returns for each year throughout the relevant time period.**

Plaintiff respectfully objects to the relevance of this request. Plaintiff has brought claims against Defendants for defamation for alleging that he is a violent teacher who abuses his students and shirks his duties as president of the United Teachers of Wichita, for Interception of Oral Communications in violation of 18 U.S.C. §§ 2521 and 2520, for violation of Florida Security of Communications Act, and for violation of §§ 22-2518, Kansas Statutes. Plaintiff's tax returns are not relevant to these claims.

**Request No. 9.** **All documents relating to any interview you gave to any media outlet as a member or officer of the United Teachers of Wichita.**

Plaintiff respectfully objects to this request as grossly overbroad. Plaintiff has brought claims against Defendants for defamation for alleging that he is a violent teacher who abuses his students, shirks his duties, and is involved in corruption; for Interception of Oral Communications in violation of 18 U.S.C. §§ 2521 and 2520; for violation of Florida Security of Communications Act; and for violation of §§ 22-2518, Kansas Statutes. Documents relating to any interview given by Plaintiff would not relevant to these claims unless the topic of the interview was related to the claims herein.

Subject to and without waiving these objections and limitations, Plaintiff states he has the following documents:

None.

**Request No. 10.** **All documents relating to any harm or damage done to your reputation by the purported conduct as alleged in the Complaint.**

Plaintiff respectfully objects to the overbreadth of this request in that it encompasses documents protected by the attorney-client privilege and work product doctrine.

Plaintiff has hired counsel to assist in bringing claims as alleged in the Complaint. Therefore, any work done or conversations had pursuant thereto would be responsive to this request but would be privileged. Furthermore, Defendant has failed to produce documents in response to Plaintiff's request for production. Therefore, Plaintiff is unable to produce certain responsive documents.

Subject to and without waiving these objections and limitations, see Plaintiff's response to request numbers 20 and 21.

**Request No. 11.** **All documents relating to any professional or expert with whom you have corresponded regarding the subject matter of this litigation, except for any communication with your lawyer.**

Plaintiff respectfully objects to the overbreadth of this request in that it encompasses documents protected by privilege. Fed. R. Civ. P. 26(b)(4) protects as privileged documents created by, facts known by, and opinions held by any non-testifying experts retained in litigation. Furthermore, this request is ambiguous in its failure to define the term "professional." Any person with a job could be considered a professional. Therefore, it is unclear what Defendant means by "professional."

Subject to and without waiving these objections and limitations, Plaintiff has the following responsive documents:

None.

**Request No. 12.** **All documents relating to the factual basis for your answers to the Defendants' First Set of Interrogatories served in this action.**

Plaintiff respectfully objects to this request as vague and overbroad. First, it fails the reasonable particularity requirement of Rule 34(b), Federal Rules of Civil Procedure. *Gupta v. Walt Disney World Co.*, 6:05CV1432 ORL22JGG, 2006 WL 2724899, at *1 (M.D. Fla. Sept. 22, 2006), aff'd, 256 Fed. Appx. 279 (11th Cir. 2007). Next, there are an innumerable amount of documents that could be related to the factual basis for Plaintiff's responses to Defendants' interrogatories. As an example, any document or webpage that contained Plaintiff's employer address and any newspaper or news report that commented on Defendants' defamatory YouTube video would be responsive, but such documents would not be relevant to the Complaint nor proportional to the needs of this case. Additionally, this request would encompass documents protected by the attorney-client privilege and work-product doctrine, as, for example, communications between Plaintiff and his counsel regarding responding to the requests would be

responsive, but privileged.   Furthermore, Defendant has failed to produce documents that would be responsive to this request (i.e., the unedited video footage).   Therefore, Plaintiff cannot produce such documents.

Subject to and without waiving these objections and limitations, Plaintiff will produce, at Defendants' expense, documents relating to any disciplinary action or reprimands by the Sedgwick County School Wichita Public Schools or the Kansas Board of Education for alleged violence against a teacher, student, or parent. Plaintiff should be able to produce any documents within two weeks.

**Request No. 13.** **All documents you referred to or relied upon, while drafting your responses to Defendants' First Set of Interrogatories.**

Plaintiff respectfully objects to the overbreadth of this request in that encompasses documents protected by the attorney client privilege and work-product doctrine.   Any communications between counsel and Plaintiff regarding discovery and any documents prepared in anticipation of litigation would be privileged and not discoverable.

Subject to and without waiving these objections and limitations, Plaintiff has the following responsive documents:

None.

**Request No. 14.** **All documents relating to any lawsuit to which you have been a party.**

Plaintiff respectfully objects to this request as vague and overbroad in that it fails the reasonable particularity requirement of Rule 34(b), Federal Rules of Civil Procedure. *Gupta v. Walt Disney World Co.*, 6:05CV1432 ORL22JGG, 2006 WL 2724899, at *1 (M.D. Fla. Sept. 22, 2006), aff'd, 256 Fed. Appx. 279 (11th Cir. 2007). Furthermore, this request is overbroad in that it is not limited to the subject matter of the complaint or limited in time.  If Plaintiff was a party to a lawsuit as a child, that would not be relevant to this case. Lastly, this request encompasses documents protected by the attorney-client privilege and the work-product doctine, as notes, memoranda, and communications created by Plaintiff's attorney in this case would be responsive to this request but protected by privilege.

Subject to and without waiving these objections and limitations, Plaintiff will limit this request to documents relating to any lawsuit to which Plaintiff was a party outside of this lawsuit:

None.

**Request No. 15. All documents relating to any crime which you were accused of committing.**

Plaintiff respectfully objects to this request as vague and overbroad in that it is not limited to the subject matter of the complaint or limited in time. For example, if Plaintiff were accused of stealing a cookie from the cookie jar as a child, photographs of him eating cookies might be responsive to this request but not relevant. Furthermore, the word "accused" is vague, ambiguous, and overbroad; it does not mean "charged" or "convicted," and Defendants do not specify *who* the accuser would be. The word "crime" is also vague, ambiguous, and overbroad. Furthermore, this request encompasses documents protected by the attorney-client privilege and work-product doctrine, as Defendants accused Plaintiff of abusing students, and therefore, any notes, memoranda, and/or communications drafted by Plaintiff's counsel in relation to this case would be responsive to this request but would be privileged. Overall, this request is so overbroad, vague, and lacking in particularity that it is impossible to even determine what documents Defendants are seeking.

**Request No. 16.** **All documents relating to any crime which you were convicted of.**

Plaintiff respectfully objects to this request as overbroad in that it is not limited to the subject matter of the complaint or limited in time.

Subject to and without waiving these objections and limitations, Plaintiff provides the following response:

None.

**Request No. 17.** **All documents or communications relating to Project Veritas.**

Plaintiff respectfully objects to this request as vague and overbroad in that it encompasses documents not relevant to this case and those protected by the attorney client privilege and work-product doctrine. Webpages about Project Veritas would be responsive to this request but not be relevant to this case. Moreover, this request fails the reasonable particularity requirement of Rule 34(b), Federal Rules of Civil Procedure. Furthermore, any communications with counsel regarding this case or work performed in preparation for litigation of this case would be responsive to this request but would be privileged.

Subject to and without waiving these objections and limitations, Plaintiff will provide screenshots of the defamatory posts.

**Request No. 18. All documents or communications relating to any lawsuit against any of the Defendants, except from your lawyer.**

Plaintiff respectfully objects to this request as vague and overbroad in that it is not limited to the subject matter of the complaint or limited in time. Furthermore, this request fails the reasonable particularity requirement of Rule 34(b), Federal Rules of Civil Procedure. Lastly, documents related to other lawsuits are not relevant. Moreover, documents related to other lawsuits are public record and already in Defendants' possession.

Discovery need not be required of documents of public record which are equally accessible to all parties, *Securities and Exchange Commission v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 17 Fed. R. Serv. 2d 882 (S.D. N.Y. 1973); *Hoffman v. Charnita, Inc.*, 58 F.R.D. 86, 17 Fed. R. Serv. 2d 1144 (M.D. Pa. 1973); *Bowman v. Consolidated Rail Corp.*, 110 F.R.D. 525 (N.D. Ind. 1986); or to which the requesting party has full access as a litigant in another case, *Lund v. Chemical Bank*, 107 F.R.D. 374 (S.D. N.Y. 1985), unless the discovering party

makes an extraordinary showing of need for them. *In re D.H. Overmyer Telecasting Co., Inc.*, 53 B.R. 963 (N.D. Ohio 1984), *aff'd*, 787 F.2d 589 (6th Cir. 1986).

**Request No. 19.** **All documents or communications relating to coordinating, strategizing, or affiliating with any other Plaintiff, party, or representative with respect to any lawsuit against any of the Defendants, except from your lawyer.**

Plaintiff objects to this request as being wholly irrelevant. It is also vague and overbroad in that it is not limited to the subject matter of the complaint or limited in time. Furthermore, the words "coordinating, strategizing, or affiliating" are vague, speculative, and ambiguous. This request is not reasonably particularized but appears to be a fishing expedition, which makes it difficult to understand what Defendants are really seeking. Furthermore, any documents responsive to this request would be protected by work product doctrine. Because of the ambiguity, vagueness, and lack of particularity of this request, it is impossible to know whether any responsive documents exit.

**Request No. 20.** **All documents that demonstrate your reputation before the video at issue appeared on the Internet.**

Plaintiff respectfully objects to the overbreadth and vagueness of this request. This request is not reasonably particularized as required by Rule 34(b), Federal Rules of Civil Procedure. Furthermore, pursuant to Rule 26(b), Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Such a request that could include an almost limitless amount of documents would not be proportional to the needs of the case. "All documents that demonstrate your reputation" could include a vast array of documents, including home videos, text messages with friends, Plaintiff's entire social media online presence, etc. Finally this request is not limited in time and seeks documents related to Plaintiff's reputation for his entire life.

Subject to and without waiving these objections and limitations, Plaintiff will produce, at Defendants' expense, responsive documents. Plaintiff should be able to produce any documents within two weeks.

**Request No. 21.** **All   documents   that   demonstrate   your   reputation  after  the  video  at  issue  appeared  on  the  internet**

Plaintiff   respectfully   objects   to   the   overbreadth   and vagueness  of  this  request.   This  request  is  not  reasonably particularized  as  required  by  Rule  34(b),  Federal  Rules  of Civil  Procedure.   Furthermore,  pursuant  to  Rule  26(b),  Federal Rules  of  Civil  Procedure,  "parties  may  obtain  discovery regarding  any  nonprivileged  matter  that  is  relevant  to  any party's  claim  or  defense  and  proportional  to  the  needs  of  the case."   Such  a  request  that  could  include  an  almost  limitless number  of  documents  would  not  be  proportional  to  the  needs  of the  case.   All  documents  that  demonstrate  your  reputation could  include  a  vast  array  of  documents,  including  home videos,  text  messages  with  friends,  Plaintiff's  entire  social media  online  presence,  etc...

Subject   to   and   without   waiving   these   objections   and limitations,  Plaintiff  will  produce,  at  Defendants'  expense, responsive  documents.  Plaintiff  should  be  able  to  produce  any documents  within  two  weeks.

**Request No. 22.** All documents relating to any time you "feigned force" or used "tough love," as described in Paragraph 35 of the Complaint, to connect with any student and identify each student.

Plaintiff respectfully objects to this request as vague and overbroad in that contains documents protected by the attorney client privilege and work product doctrine.  Any work performed in anticipation of litigation herein or communications with counsel would be responsive to this request but would be privileged.  Furthermore, this request is ambiguous and vague in its use of the phrases "feigned force" and "tough love." Plaintiff could have threatened to give a student an "F" grade if she did not attend class, but such would not be relevant to the subject matter of the complaint.

Subject to and without waiving these objections and limitations, Plaintiff provides the following response:

None.

**Request No. 23.** All documents, including receipts or contracts, between you and the hotel in which the bar described in the Complaint is located.

Plaintiff respectfully objects to the relevance of this request. Receipts and/or contracts with the hotel have no relevance to Plaintiff's claims against Defendants.

Furthermore, this request is ambiguous in its use of the phrase, "all documents between you and the hotel." It is unclear what this means.

Subject to and without waiving these objections and limitations, Plaintiff provides the following response:

None.

**Request No. 24.** **All documents, including receipts or contracts, between you and the bar described in the Complaint.**

Plaintiff respectfully objects to the relevance of this request. Receipts and/or contracts with the bar have no relevance to Plaintiff's claims against Defendants. Furthermore, this request is ambiguous in its use of the phrase, "all documents between you and the bar." It is unclear what this means.

Subject to and without waiving these objections and limitations, Plaintiff provides the following response:

None.

**Request No. 25.** **All documents, including receipts or contracts, between you and the Orlando Convention Center as described in the Complaint.**

Plaintiff respectfully objects to the relevance of this request. Receipts and/or contracts with the Orlando Convention Center have no relevance to Plaintiff's claims against

Defendants.   The recordings at issue were not taken in the Orlando Convention Center, which, as stated previously, was an error. *See* Doc. 18 at 17, n. 3. Furthermore, this request is ambiguous in its use of the phrase, "all documents between you and the Orlando Convention Center."  It is unclear what this means.

Subject to and without waiving these objections and limitations, Plaintiff provides the following response:

None.

**Request No. 26.** **All documents, including receipts, from the Panera Bread as described in the Complaint.**

Plaintiff respectfully objects to the relevance of this request. Receipts and/or contracts with Panera Bread have no relevance to Plaintiff's claims against Defendants. Furthermore, this request is ambiguous in its use of the phrase, "all documents from the Panera Bread." It is unclear what this means. Lastly, this request is vague and overbroad in that it is not limited to the subject matter of the complaint or to a specific time frame.

Subject to and without waiving these objections and limitations, Plaintiff limits this request to receipts from the Panera visit when Sandini recorded Plaintiff, and provides the following response:

None.

**Request No. 27.** All documents relating to discipline by any state, federal, local or municipal body governing educators, including, without limitation, the Sedgwick County School Board, Wichita Public Schools or the Kansas Board of Education.

Plaintiff respectfully objects to this request as vague and overbroad in that it is not limited to the subject matter of the complaint or to a specific time frame. Plaintiff has brought suit against Defendants for defamation for alleging that Plaintiff threatens violence against students and for shirking his duties as president of the teacher's union. Any documents that are not relevant to these topics would not be relevant to the case. Furthermore, this request could encompass documents protected by the attorney-client privilege if any attorney was consulted in relation to any discipline.

Subject to and without waiving these objections and limitations, Plaintiff will limit this request to documents related to discipline for alleged violence against a teacher, student, or parent, or related to Plaintiff shirking his duties as an employee. Plaintiff will provide documents pursuant to this limitation. Plaintiff should be able to produce any documents within two weeks.

**Request No. 28.** **All documents relating to any corruption in any teachers union which you are familiar with and identify the persons involved.**

Plaintiff respectfully objects to the relevance of this request.  This request is overbroad in that it is not limited to the subject matter of the complaint or limited in time. For example, corruption in a teachers union in New York would not be relevant to the subject matter of this complaint.

Subject to and without waiving these objections and limitations, Plaintiff provides the following response:

None.

## ATTORNEY'S CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on **April 18, 2018,** a true and correct copy of the foregoing was served onto counsel for Defendants, Jason Zimmerman, at Jason.zimmerman@gray-robinson.com, kathy.savage@gray-robinson.com, jeff.aaron@gray-robinson.com, and Brock.Magruder@gray-robinson.com.

*Attorney for Plaintiff*:

**Cynthia Conlin & Associates**
1643 Hillcrest Street
Orlando, FL 32803-4809
Tel. 405-965-5519/Fax 405-545-4395
www.conlinpa.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@conlinpa.com
[ ] JENNIFER DAWN REED, ESQ.
Florida Bar No. 104986
Jennifer@conlinpa.com
Secondary Email for Service:
service@conlinpa.com