IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVE WENTZ,

    Plaintiff,

v.                                        CASE NO: 6:17-cv-01164-ORL-18GJK

PROJECT VERITAS, a Virginia
Corporation; JAMES O'KEEFE III;
ALLISON MAASS; and BREITBART
NEWS NETWORK, LLC, a Delaware
company,

    Defendants.
_____/

**MOTION TO QUANTIFY ATTORNEYS' FEES
PURSUANT TO FEBRUARY 22, 2019 ORDER [DOC. 131]**

    Defendants, Project Veritas, James O, Keefe III and Allison Maass (collectively, the "Defendants") pursuant to this Court's February 22, 2019 Order (the "Order") (Doc. 131), respectfully request the Court to enter an order requiring Plaintiff and his counsel to reimburse defendant their reasonable attorneys' fees incurred in obtaining the requested relief in the total amount of $7,456.50, and state:

**Introduction and Summary of Argument**

    After four months of obfuscation, misleading representations during good-faith conferrals, and extra-litigation efforts by Defendants to expose at least 73[1] previously undisclosed communications, this Court sanctioned Plaintiff and his counsel for their "nondisclosure, response, and objections [that] were not substantially justified as

---

[1] Plaintiff's March 1, 2019 Privilege Log contains 73 entries. (Doc. 135-1, pp. 5-22).

demonstrated [in the Order] and by Plaintiff's shifting reasons for not producing the information requested." (Doc. 131, pp. 11-12). To discover Plaintiff's violations and obtain the requested relief Defendants were forced to (a) investigate discovery in other unrelated actions filed against them in different states; (b) renew ultimately unsuccessful efforts to resolve this issue through good-faith conferral on Plaintiff's then-seemingly (now-proven) deceptive responses to the narrowed Discovery Requests; (c) file their motion (Doc. 93); (d) seek leave to and file a reply to address Plaintiff's newly raised privilege claim (Docs. 103, 105, 111); and (e) oppose Plaintiff's unfounded motion for sur-reply asserting arguments, still in the absence of the requisite privilege log, that this Court rejected (Docs. 114, 115, 131).

To date, Plaintiff has not complied with this Court's Order (Doc. 131, p. 12) by producing documents or providing full responses to the Discovery Requests and instead continues to litigate this issue, now for the first time after this Court imposed sanctions, with the privilege log required by Rule 26 and this Court's rules and orders. (Docs. 134, 135). Sanctions under Rule 37 exist for this very purpose – to encourage litigants to conduct discovery in good faith to streamline and make the litigation process more efficient, and punish litigants who fail or refuse to comply.

Regardless of whether Plaintiff is ultimately successful on his objection to Magistrate Judge Kelly's well-reasoned Order, Plaintiff forced three months of unnecessary litigation spanning ten court filings to remedy what could have been the simple disclosure of these communications by privilege log. Instead, it took these efforts by Defendants and the Court to force him to conform to elementary discovery procedures required of all litigants before

this Court. Defendants incurred the reasonable amount of $7,456.50 obtaining their requested relief and the Court should order Plaintiff and his counsel to reimburse them.

### Certificate of Good Faith Conferral
### Pursuant to Court Order (Doc. 131) and Local Rule 3.01(g)

Before filing this Motion, Counsel for Defendants sent Plaintiff's counsel the individual time entries for work performed on this issue, and Brock Magruder conferred with Jennifer Reed telephonically on March 8, 2019. Without providing reductions for each individual time entry, Plaintiff generally contended at that time "that based on the relatively straightforward nature of the motion to compel, the fact that an opposition to our motion to file a sur-reply was unnecessary, the fact that it appeared that the work performed by Attorneys Zimmerman and Levine appeared to be duplicative work, and the fact that some of the work performed by Ms. Savage is not necessary or not compensable, that it would be reasonable for [Mr. Magruder] to have billed 10 hours, Mr. Zimmerman to have billed half an hour, and Ms. Savage to have billed an hour at an hourly rate of $100."

The evening before this filing's deadline, Plaintiff provided annotations to Defendants' billing records – this time with specific reductions (or complete eliminations) of each time entry.[2] Coincidently or not, the specific reductions conform to Plaintiff's general analysis, with the exception of allowing an additional half hour for Mr. Zimmerman. In total, based on Plaintiff's annotations, he will agree in theory to the reasonableness of $2,715, but cannot agree to a deadline by which to pay that amount as this issue will be mooted if the objection (Doc. 135) is sustained.

---

[2] Defendants' redacted billing records showing the time worked on this issue along with Plaintiff's annotations are attached as Exhibit "A."

## Argument and Memorandum of Law

### A. Legal Standard

Rule 37 authorizes the award of attorneys' fees as a sanction for discovery abuses and the typical sanction is largely compensatory. *Rivers v. Am. Exp. Centurion Services Corp.*, 184 F.R.D. 670, 672 (M.D. Fla. 1998). Compensating the victim of discovery abuses for its loss through an award of expenses under Rule 37 deters parties from resisting discovery without justification. § 2288 8B Fed. Prac. & Proc. Civ. (3d ed.). Courts use the lodestar method to quantify Rule 37 sanction awards for attorneys' fees. *Neumont v. Monroe County, Fla.*, 220 F.R.D. 380, 383 (S.D. Fla. 2004), *rev'd on other grounds*, 225 F.R.D. 266 (S.D. Fla. 2004). The lodestar method is an objective estimate of the value of attorneys' services by multiplying the number of hours the attorneys worked on the matter by a reasonable hourly rate. *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). The movant bears the burden of establishing reasonable hours and rates, but this Court is "itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (*quoting Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### B. Argument and Application

Plaintiff's discovery violations forced Defendants and this Court to perform hours of work that would have been entirely avoided had he and his counsel simply complied with basic discovery practices, procedures, and requirements. As the Parties stand today, Plaintiff has finally produced a privilege log identifying long-withheld documents and asserting his

basis for the privilege claims.[3] In short, the Parties are now where they should have been back in October, 2018, but it took the Order and all of the work and time incurred in obtaining that Order, to get here.

Defendants reasonably spent a total of 25.5 hours discovering Plaintiff's violations and obtaining the Order.[4] Specifically, the work performed in obtaining the Order included: (a) the investigation of discovery of other unrelated actions filed against Defendants and communication with Defendants' lawyers in those cases; (b) renewal of efforts to resolve this issue through good-faith conferral with Plaintiff's counsel via email and telephone, which were rebuffed; (c) drafting and filing their motion (Doc. 93); (d) seeking leave to and filing a reply to address Plaintiff's privilege claim – raised for the first time in his response (Docs. 103, 105, 111); and (e) opposing Plaintiff's unfounded motion for sur-reply asserting arguments, still in the absence of the requisite privilege log, that this Court summarily rejected (Docs. 114, 115, 131). Likewise, as explained more fully in Exhibit "B," the time keepers' hourly rates are reasonable in comparison to the prevailing market rates in the Central Florida legal community – especially among federal practitioners – with reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299.

WHEREFORE, Defendants respectfully request this Court enter an Order:

    a.    GRANTING Defendants' Motion to Quantify Fees and awarding Attorney's Fees in the amount of $7,456.50;

---

[3] Defendants contend these claims are waived, as a party cannot thwart so thoroughly the Federal Rules of Civil Procedures and this Court's Local Rules and Orders and still enjoy a privilege having being caught by adversaries in deception and sanctioned by this Court. These arguments will be fully addressed in the responses to Plaintiff's motion to stay and objection to the Order.

[4] Decl. Jason Zimmerman, ¶ 5 (attached as Exhibit "B").

      b.      Requiring Plaintiff to issue payment to Defendants in the amount listed in paragraph a above, payable to GrayRobinson, P.A., within ten (10) days of the date of the order; and

      c.      Granting any other relief this Court deems just and reasonable.

Respectfully submitted this 15th day of March, 2019,

    /s/ *Brock Magruder*
    Jason Zimmerman
    Florida Bar No. 104392
    Primary Email Address:
    jason.zimmerman@gray-robinson.com
    Secondary Email Address:
    cindi.garner@gray-robinson.com
    kathy.savage@gray-robinson.com
    Brock Magruder
    Florida Bar No. 112614
    Primary Email Address:
    brock.magruder@gray-robinson.com
    Secondary Email Address:
    shawna.tucker@gray-robinson.com
    Jeffrey M. Aaron
    Florida Bar No. 123473
    Primary Email Address:
    jeff.aaron@gray-robinson.com
    GrayRobinson, P.A.
    301 East Pine Street, Suite 1400 (32801)
    P.O. Box 3068
    Orlando, Florida 32802
    Telephone: (407) 843-8880
    Facsimile: (407) 244-5690

    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 15, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will forward a true and correct copy of the foregoing via email to Cynthia Conlin and Jennifer Reed, Cynthia Conlin & Associates cynthia@conlinpa.com; jennifer@conlinpa.com; service@conlinpa.com; parker@conlinpa.com; 1643 Hillcrest Street, Orlando, Florida 32803.

*/s/ Brock Magruder*
Brock Magruder
Florida Bar No. 112614