UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVE WENTZ,

        Plaintiff,

v.                                  Case No:  6:17-cv-1164-Orl-18GJK

PROJECT VERITAS, JAMES
O'KEEFE III, and ALLISON MAASS,

        Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO QUANTIFY ATTORNEYS' FEES PURSUANT TO FEBRUARY 22, 2019 ORDER [DOC. 131]** (Doc. No. 137) |
| **FILED:** | **March 15, 2019** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**. | |

On February 22, 2019, the Court granted Defendants' motion to compel (the "Motion to Compel") and awarded Defendants their attorney's fees incurred in bringing the Motion to Compel.  Doc. No. 131 at 12. The parties were ordered to confer "in a good faith effort to agree on the amount of attorney's fees awarded[,]" and if they were unable to agree, then Defendants could file a motion to quantify the fees. *Id.* On March 15, 2019, Defendants filed the motion to

quantify their attorney's fees (the "Motion"). Doc. No. 137. On May 13, 2019, Plaintiff filed his response to the Motion.[1] Doc. No. 163.

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court determined that an award of attorney's fees is appropriate, and the only remaining issue is the amount of the fees to be awarded. Doc. No. 131 at 11-12. Rule 37(a)(5)(a) provides that the Court shall award reasonable expenses, including attorney's fees. In the Eleventh Circuit, reasonableness is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Norman*, 836 F.2d at 1303; *Loranger*, 10 F.3d at 782.

Defendants request an award of $7,456.50 in attorney's fees incurred in bringing the Motion to Compel. Doc. No. 137 at 1. Supporting the request are Defendants' timesheets and the declaration of their lead counsel. Doc. Nos. 137-1, 137-2.

Plaintiff argues that a reasonable award of attorney's fees is $2,752.00. Doc. No. 163 at 14. Plaintiff does not contest the requested rates of Defendants' attorneys, but does dispute $190 as a

---

[1] On March 1, 2019, Plaintiff filed an objection to the order granting the motion to compel and moved to stay enforcement of the order pending a ruling on the objection. Doc. Nos. 134, 135. On April 16, 2019, in the order granting Defendants' motion for summary judgment, the Court reserved jurisdiction on the Motion. Doc. No. 150 at 13. On April 29, 2019, the Court affirmed the order granting the Motion to Compel and ordered Plaintiff to fully respond to the discovery requests on or before May 7, 2019. Doc. No. 156 at 6. On May 10, 2019, pursuant to the Court's order, Plaintiff filed a notice of compliance. Doc. No. 162.

reasonable hourly rate for the paralegal. *Id.* at 6-7. Plaintiff proposes a rate of no more than $95. *Id.* at 7.

Plaintiff also argues that Defendants' counsel did not confer in good faith before filing the Motion. *Id.* at 1-4. This argument is based on Defendants' counsel asking Plaintiff's counsel to assign a value to each time entry, and then, once Defendants' counsel received that information, Defendants' counsel updating the certificate of conferral rather than discussing each time entry with opposing counsel. *Id.* at 3. Defendants' counsel rejected Plaintiff's counsel's request that the two have a conversation regarding each time entry. *Id.* at 2. The Court will not micromanage the parties' conferences. The parties' attorneys conferred regarding the amount of attorney's fees sought. Defendants' counsel's refusal to engage in a discussion of each time entry does not equate to a refusal to confer in good faith.

The declaration of Defendants' lead counsel sets forth reasonable rates for himself and the attorneys that worked on the Motion to Compel. Doc. No. 137-2 at ¶ 5. Regarding a reasonable rate for paralegals in the Orlando community, however, the proposed rate of $190 per hour is too high. Instead, a reasonable hourly rate is $95. As set forth above, the Court has expertise regarding the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Norman*, 836 F.2d at 1303; *Loranger*, 10 F.3d at 782. Based on the undersigned's knowledge of the prevailing market, a paralegal rate of $95 per hour in a case such as this is reasonable.

Regarding the reasonable number of hours expended, the time claimed for contesting Plaintiff's motion to file a sur-reply to the reply to the response to the Motion to Compel is not reasonable. The Court granted the motion to file the sur-reply, Doc. No. 116, and, as a sur-reply was warranted, it was not reasonable to incur attorney's fees to contest the motion to file it. Thus, the time incurred on January 14, 23, 24, 25, and 28, 2019, (all regarding opposing the motion to

file the sur-reply) is not reasonable. The time incurred in reviewing the order granting the motion to file the sur-reply and in reviewing the sur-reply is reasonable, however, as necessary for Defendants' attorneys to be apprised of the issues surrounding the Motion to Compel.

One other time entry is unreasonable because it includes time that may have been spent reviewing documents unrelated to the Motion to Compel. This is the January 11, 2019 entry by Defendants' lead counsel.[2] Doc. No. 137-1 at 20. The time entry is for 2.10 hours for reviewing and providing comments to "multiple filings," including the reply to the response to the motion to compel. *Id.* On January 11, 2019, both the reply and an unopposed motion to take depositions were filed. Doc. Nos. 111, 112. The time entry does not specify how much time was spent reviewing the reply. Doc. No. 137-1 at 20. Plaintiff recommends that the 2.10 hours be reduced to .5 for this reason. *Id.* Half an hour is a reasonable amount of time to review the reply to the response to the Motion to Compel.

After reducing the paralegal's rate and the number of hours as described above, the reasonable rates and number of hours incurred in bringing the Motion to Compel are itemized as follows:

| Attorney/Paralegal | Rate | Number of Hours | Totals |
| --- | --- | --- | --- |
| Jason Zimmerman | $325 | 3.5 | $1,137.50 |
| Marc Levine | $360 | 1.2 | $432 |
| Brock Magruder | $220 | 14.1 | $3,102 |
| Kathy Savage | $95 | 2.4 | $228 |
|  |  |  | $4,899.50 |

---

[2] Plaintiff also makes this complaint regarding the time entry for December 12, 2018, but that time entry is specifically phrased as reviewing Plaintiff's latest filings. Doc. No. 137-1. Although multiple documents were filed on December 12, 2018, only one was filed by Plaintiff, and it was the response to the Motion to Compel. See Doc. Nos. 100, 101, 102, 103.

Thus, it is recommended that the Court find that $4,899.50 should be awarded against Plaintiff and his counsel to Defendants for attorney's fees incurred in bringing the Motion to Compel.

Based on the forgoing, it is **RECOMMENDED** that the Motion (Doc. No. 137) be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That the Court award Defendants $4,899.50 against Plaintiff and his counsel for attorney's fees incurred in bringing the Motion to Compel; and

2. In all other respects, that the Motion be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on May 31, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record