# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STEVE WENTZ,

       **Plaintiff,**

v.                                                                            **Case No:  6:17-cv-1164-Orl-18GJK**

PROJECT VERITAS, JAMES
O'KEEFE III, and ALLISON MAASS,

       **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES AND COSTS (Doc. No. 157)** |
| **FILED:** | **May 1, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

On August 27, 2018, Plaintiff Steve Wentz filed an Amended Complaint against Defendants Project Veritas, James O'Keefe III, and Allison Maass (collectively, "Defendants"), alleging several causes of action based on covert videotaping of him and broadcasting of the videos. Doc. No. 81. Specifically, Plaintiff alleged that Defendants secretly recorded his conversation with Maass in Orlando, Florida, and that Project Veritas, O'Keefe, and a Project Veritas agent secretly recorded his conversation in Kansas. *Id.* at ¶¶ 22, 33, 43, 45. Plaintiff alleged that Project Veritas and O'Keefe published the Florida video and an article about the Florida video, which portrays Wentz as "untrustworthy" and "corrupt." *Id.* at ¶¶ 56, 57, 60. Plaintiff asserted the

following causes of action: Count I: Interception of Oral Communication in Violation of 18 U.S.C. § 2521; Count II: Interception of Oral Communication in Violation of 18 U.S.C. § 2520; Count III: Violation of Florida Security of Communications Act, Florida Statute § 934.10; Count IV: Violation of § 22-2518, Kansas Statutes; Count V: Defamation (or Defamation by Implication); Count VI: Defamation (Written Content); and Count VIII:[1] Temporary and Permanent Injunction. *Id.* at 12-53. On September 10, 2018, Defendants filed their Answers and Affirmative Defenses to the Amended Complaint. Doc. Nos. 82, 83. As one of their Affirmative Defenses, Defendants pleaded that this case is prohibited by Florida's Anti-SLAPP Statute, Florida Statute Section 768.295. Doc. No. 82 at 11-12; Doc. No. 83 at 21-22.

On October 2, 2018, Defendants filed a motion for summary judgment. Doc. No. 84. Defendants argued that they were entitled to summary judgment on the defamation claims because the statements were true or opinions, there was no evidence of omitted facts or justifiable conduct, there was no showing of actual malice, and Plaintiff cannot obtain injunctive relief for defamation. *Id.* at 12-18. Defendants argued that Counts I, II, and IV, based on the federal and Kansas wiretapping statutes, fail because those statutes permit the recording if at least one person to the conversation consents to its recording. *Id.* at 18. Defendants argued that Count III, based on Florida's wiretapping statute, fails because Plaintiff could have no reasonable expectation of privacy in the bar where the conversation was recorded. *Id.* at 19-23.

On April 16, 2019, the Court granted Defendants' motion for summary judgment. Doc. No. 150. The Court found that Plaintiff "is unable to sufficiently identify a false statement published by Defendants that plausibly supports his defamation claims . . . [and] to show that Defendants juxtaposed or omitted his true statements to imply defamatory content." *Id.* at 10. Defendants were

---

[1] The Amended Complaint states that Count VII was dismissed and continues with Count VIII. Doc. No. 81 at 52.

entitled to summary judgment on Plaintiff's federal and Kansas wiretapping claims because the conversations were recorded with the consent of at least one person to them and "neither conversation was recorded for the purpose of committing a criminal or tortious act." *Id.* at 11. Because Plaintiff "did not privately communicate with [one of the Defendants] with the reasonable expectation that his statements would not be intercepted[,]" the Florida wiretapping claim was also precluded. *Id.* at 11-12. Finally, Plaintiff had no right to injunctive relief because he could not prevail in establishing a violation of his rights as asserted in the Amended Complaint. *Id.* at 12. The Court directed the Clerk to enter final summary judgment for Defendants and reserved jurisdiction to determine whether to award attorney's fees and costs. *Id.* at 13-14. On June 14, 2019, the Court denied Plaintiff's motion for reconsideration. Doc. No. 174.

On May 1, 2019, Defendants moved for a determination of entitlement to attorney's fees and costs (the "Motion"). Doc. No. 157. Defendants argue that they are entitled to an award of attorney's fees under Florida's Anti-SLAPP act. Regarding an award of attorney's fees, the act states the following: "The court shall award the prevailing party reasonable attorney fees and costs *incurred in connection with a claim that an action was filed in violation of this section*." § 768.295(4), Fla. Stat. (2017) (emphasis added). The Anti-SLAPP act provides a right to an expedited resolution of a claim alleging a violation of the act. *Id.*

First, there was no finding that this action violated the Anti-SLAPP act. Although Defendants raised the Anti-SLAPP act as an affirmative defense, neither their motion for summary judgment nor the Court's Order granting it relied upon, or even mentioned, it. Doc. Nos. 84, 150. Defendants did not ask and the Court did not rule upon the issue of whether this action was filed in violation of the Anti-SLAPP act. Thus, Defendants' argument that they are entitled to fees under the Anti-SLAPP act runs contrary to its express language. *See Berisha v. Lawson*, 378 F. Supp. 3d

1145, 1157 (S.D. Fla. 2018) (denying as moot defendants' request for expedited consideration of their motion for summary judgment and an award of attorney's fees under Florida's Anti-SLAPP act, as defendants did not incur costs in connection with a claim that an action was filed in violation of the statute).

Second, the cases Defendants cite simply do not support an award of fees under the Anti-SLAPP act in the context of this case. Defendants argue that judges have awarded fees for entire defenses, not just those incurred in raising the Anti-SLAPP defense, and that this goes to the quantity of fees to be awarded, not entitlement. Doc. No. 172 at 6. In *Berisha*, 378 F. Supp. 3d at 1157, the court declined to award fees under the act, and in *Parekh v. CBS Corp.*, Case No. 6:18-cv-466-40TBS, Doc. No. 117 at 2, Doc. No. 128 (M.D. Fla. Feb. 14, 2019), this Court expressly "found that Plaintiff's lawsuit violated the anti-SLAPP statute . . . ." Defendants' argument is contrary to the plain meaning of the Anti-SLAPP act and would permit entitlement to fees simply by raising the Anti-SLAPP act as a defense, without any ruling as to its applicability.

Defendants also request an award of attorney's fees for the claims brought under the federal and Kansas wiretapping statutes. Doc. No. 157 at 8-9. Defendants argue that these statutes provide attorney's fees to the prevailing party. *Id.* The federal statute, which is almost identical to the Kansas statute, however, states the following:

> [*A*]*ny person whose wire, oral, or electronic communication is intercepted*, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate. [A]ppropriate relief includes--a reasonable attorney's fee and other litigation costs reasonably incurred.

18 U.S.C. § 2520(a), (b)(c)(3) (2018); *see also* Kan. Stat. Ann. § 22-2518(1)(c) (2019).[2]

---

[2] The Kansas statute states the following:

> Any person whose . . . oral . . . communication is intercepted, disclosed or used in

The statutes state that it is the person whose communication was intercepted that can recover attorney's fees—not the prevailing party under the statute. Although Defendants cite cases in which the courts stated that the "prevailing party" may recover its attorney's fees, in those cases, the prevailing parties were the ones whose communications were intercepted in violation of the wiretapping statutes. *Abraham v. Cty. of Greenville*, 237 F.3d 386, 388 (4th Cir. 2001); *Smoot v. United Transp. Union*, 246 F.3d 633, 637 (6th Cir. 2001). As Defendants were not the entities that had their communications intercepted, they are not entitled to an award of attorney's fees under either the federal or the Kansas wiretapping statutes.

Finally, Defendants ask that the Court award them their costs under Federal Rule of Civil Procedure 54(d)(1)[3] in the amount of $9,267.51, Doc. No. 157 at 9, which is the amount claimed on their Bill of Costs filed on April 23, 2019. Doc. No. 153 at 1. Plaintiff did not object to the amount of costs Defendants seek. Instead, Plaintiff argues that Defendants are not entitled to their costs under Rule 54 because the federal wiretapping statute expressly provides for dealing with costs. Doc. No. 165 at 18-19. As discussed above, the provisions of the federal wiretapping statute permitting an award of fees and costs apply to the party whose communications were intercepted. 18 U.S.C. § 2520(a), (b)(c)(3) (2018). Nothing in the statute prohibits application of Rule 54(d) to a prevailing defendant.

Based on the forgoing, it is **RECOMMENDED** that the Motion (Doc. No. 157) be

---

violation of this act shall have a civil cause of action against any person who intercepts, discloses or uses, or procures any other person to intercept, disclose or use, such communications, and shall be entitled to recover from any such person: . . . (c) reasonable attorneys' fees and other litigation costs reasonably incurred.

Kan. Stat. Ann. § 22-2518(1)(c) (2019).
[3] Rule 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

**GRANTED IN PART AND DENIED IN PART** as follows:

1.  That Defendants are entitled to an award of costs of $9,267.51; and

2.  In all other respects, that the Motion be **DENIED**.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on July 19, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record