THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVE WENTZ, )
  )
    Plaintiff, )
v. )
  )
  ) Civil Action No.:
PROJECT VERITAS; ) 6:17-cv-001164
JAMES O'KEEFE III; )
ALLISON MAASS, )
  )
    Defendants. )
  )

## PLAINTIFF'S RESPONSE TO [187] DEFENDANTS' MOTION FOR IMPOSITION OF DEADLINE TO PAY SANCTIONS ORDERED IN DOC. 183

COMES NOW Plaintiff, STEVE WENTZ, by and through his undersigned counsel, pursuant to Local Rule 3.01(b), and responds in opposition to Doc. 187, Defendants' motion for imposition of deadline to pay sanctions ordered in Doc. 183 (the "Motion").

**I.    Failure to Comply with Local Rule 3.01(g)**.

Local Rule 3.01(g) requires "the moving party [to] confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" and to file with the motion a certificate of conferral. Defendants' counsel certified that he "made multiple telephone calls to Plaintiff's counsel, and requested via email to schedule conferral calls on Plaintiff's and his counsel's plan to reimburse Defendants the sanctions awarded by the Sanctions Order." Doc. 187 at 2. However, collection calls asking when Defendants would receive payment and threatening to

file a motion for contempt if payment were not received are not the same thing as conferring on the issue of asking the court to impose a deadline to make payment; the former happened, repeatedly, while the latter never happened. For failing to request and conduct a conferral prior to filing the motion, Defendants' motion should be denied.

II. **Defendants' motion is moot as to Plaintiff's counsel's portion**.

Without even waiting two weeks until Doc. 183 had been entered, Defendants disingenuously filed their motion wherein they state that they have no "other option other than abandonment of the sanctions award," Doc. 187 at 1, as if months had passed and they had exhausted all remedies. At the time of this filing, it has not even been a month since the order has been entered.

As confirmed in Doc. 188, Defendants' notice of filing updated Local Rule 3.01(g) conferral, Plaintiff's counsel has paid their portion of the attorney's fee award, and did so in about two weeks of the order being entered. Therefore, at least as to Plaintiff's counsel, Defendants' motion is moot.

III. **Defendants' harassment should not be countenanced**.

A mere two days after the Court entered its order granting Defendants' attorney's fees (Doc. 183), Defendants began their relentless collections crusade. Plaintiff's counsel expressly explained to Defendants' counsel that "the order will be paid but

you need to allow a reasonable time." Doc. 187-1 at 3. Nevertheless, beginning on July 17, 2019, defense counsel began calling and emailing Plaintiff's counsel multiple times per day, every day, harassing Plaintiff's counsel, demanding payment immediately and repeatedly asking when payment would be sent.

On July 19, 2019, merely *four days* after the order was entered, Defendants' attorney called and threatened to file a motion to have Plaintiff and his counsel held in *contempt* if they did not make payment by the following Wednesday - only a week and a half after the order was entered. This motion seems to be just a continuation of Defendants' counsel's bullying harassment and should not be countenanced.

Even after Plaintiff's counsel mailed a check to Gray Robinson, Defendants engaged in contumacious conduct. Onto Project Veritas's and James O'Keefe's Facebook and Instagram pages and Twitter feeds, Project Veritas and O'Keefe posted an image of the check[1] with the caption, "IF YOU SUE, YOU WILL PAY!" and the words:

---

[1] Considering Defendants' tendency to publicize any material that can be manipulated to paint Plaintiff in a negative light in the public eye, Plaintiff hopes this Court can forgive Plaintiff's counsel's decision to forward payment "without cover letter" (Doc. 188).

> LEGAL UPDATE: Project Veritas has won 5 lawsuits in a row and the checks are now ROLLING IN. Attorney for one plaintiff, Steve Wentz, just sent in a check and we are expecting many more.[2] Two others were ordered to pay $73k and $63k

**Exhibit "1"** at 1 and 2 (Facebook), 3 (Instagram), and 4 (Twitter). Considering the fact that within one short hour O'Keefe's Facebook post had already received 1300 reactions, it is probable that Project Veritas "sponsored" this post (*i.e.*, made it into a paid advertisement) on Facebook.

On the same day, August 5, 2019, Project Veritas forwarded the same image of this check to its email listserv, with the subject "NOTICE: if you sue, you pay," and including,

> the people who are suing us are having to pay ... and in some cases ... they're being ordered by the court to pay A LOT. I write to you now because our team just received a check in the mail from the attorney representing Steve Wentz. . . .

*Id.* at 5-8. The email listserve has about 80,000 subscribers. **Exhibit "2"** at 3, Russell Verney Depo., 72:6-7. Project Veritas uses that email listserve to solicit donations. Id. at 4 & 5, 77:12-18, 78:4-6.

Given this harassment and brash and boastful promotion, it is ironic that Defendants insolently accuse "Plaintiff and his

---

[2] This statement is false information and misleads the public into believing that Project Veritas's motion for entitlement to fees was granted, which it was not (Doc. 186), or that Project Veritas has somehow obtained a damage award from Wentz, which it has not.

counsel" of "demonstrat[ing] a contumacious disregard for this Court's authority, their obligations as Florida lawyers to act professionally and cooperatively to minimize the costs of litigation" (Doc. 187 at 2) when Defendants' attorneys had made no fewer than ten telephone calls and emails in a matter of only five days. *See* Doc. 187-1 at 4-5.

Even after being notified they were violating the FDCPA (*id.*) and that their conduct was harassing, Defendants' counsel continued their collection demands. Defendants' repeated statement that Plaintiff's counsel "threat[ened] to sue" their counsel is disingenuous, as no such "threat" ever occurred. *Id.*; *see id.* and Doc. 187-1 at 3 ("Also, I did not threaten to file a lawsuit against you. . . .")[3]

## IV. **Defendants' motivation not economic but, rather, vengeance**.

As to Wentz's portion of the fees, no deadline should be set. Wentz is an individual — a public schoolteacher-turned-union president, admittedly "not from the richest district," which has "70 percent free and reduced lunch." Doc. 125-2 at 12:8-16. As of

---

[3] Incidentally, contrary to its statement, Gray Robinson *does* constitute a "debt collector" within meaning of FDCPA because it is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *quoted by Owens-Benniefield v. Nationstar Mortgage LLC*, 258 F. Supp. 3d 1300, 1308 (M.D. Fla. 2017). (Furthermore, the telephone calls did not occur entirely within the state of Florida because the undersigned utilizes a virtual receptionist who is located out of state.)

the date of this filing, he is no longer union president and has gone back to being a school teacher. In grave contrast, in 2017, through funding, Project Veritas raised roughly *$8 million*. Doc. 165-2 at 5, 76:9-18; *see also* Doc. 94-8 at 9 (showing 2017 budgets as $6,375,000 and $1,990,020). Project Veritas has already received excessive donations as a result of the disparaging video it published about Wentz; its 2017 budget was an increase of about $2 million over 2016 — the year it published the Wentz video — and in part *because* of the Wentz video. Doc. 165-2 at 6, 77:8-11. Additionally, O'Keefe's annual salary is $400,000. Doc. 165-3 at 4, 5:3-15. By imposing a court-ordered deadline, Wentz could (and Defendants would vengefully like him to) be sanctioned or held in contempt by way of his own impecuniousness. Such a result would be oppressive, unfair, and barbaric.

**V.   Conclusion**

Project Veritas is a multi-million-dollar organization that pays its founder, O'Keefe, a salary of $400,000 a year. And it enjoys these riches because of donations awarded for the propaganda it publishes. Project Veritas wanted to receive a check that it could post and advertise on social media and to its 80,000-plus listserve to make itself look victorious. After Doc. 183 (the order) was entered, Project Veritas did not wait any sort of reasonable time before it began its bullying collection attempts. Within a mere two days, it began using its attorneys to harass

Wentz's counsel, and, having not received payment two days after that, threatened "contempt" if payment was not received by the following Wednesday. It then received a check (essentially mooting its motion) and plastered a copy of it all over social media as well as its email list, from which it has likely already handsomely increased its donations revenue. Defendants should not be allowed to use the Court in such an abusive manner, to unfairly oppress another party, as well as for its own marketing purposes and financial gain.

WHEREFORE, this Court should DENY [187] Defendants' motion for imposition of deadline to pay sanctions ordered in Doc. 183.

## CERTIFICATE OF SERVICE

I hereby certify that on **August 5, 2019,** a true and correct copy of the foregoing has been filed via CM/ECF.

*Attorneys for Plaintiff*:

**Cynthia Conlin & Associates**
1643 Hillcrest Street
Orlando, FL 32803-4809
Tel. 407-965-5519/Fax 407-545-4397
www.ConlinPA.com

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@conlinpa.com
Secondary email for service:
Service@conlinpa.com