IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVE WENTZ,

    Plaintiff,

v.

PROJECT VERITAS, a Virginia
Corporation; JAMES O'KEEFE III; and
ALLISON MAASS,

    Defendants.

_____/

CASE NO: 6:17-cv-01164-ORL-18GJK

### DEFENDANTS' MOTION FOR IMPOSITION OF DEADLINE TO PAY SANCTIONS ORDERED IN DOC. 183

Defendants, Project Veritas, James O'Keefe III and Allison Maass, pursuant to 28 U.S.C. § 401(3) and this Court's inherent powers to enforce its own orders, respectfully request this Court set a deadline for Plaintiff, Steve Wentz, and his counsel to pay the sanctions imposed by this Court for their discovery violations (Doc. 183) ("Sanctions Order"), and state:

#### Preliminary Statement and Certificate of Attempt to Confer Per Local Rule 3.01(g)

With reluctance and without other option other than abandonment of the sanctions award, Defendants seek this simple relief – the setting of a deadline by which Plaintiff and his counsel must comply with the Sanctions Order. The last thing this issue warrants is another court filing, however Plaintiff's counsel's threat to sue undersigned counsel for any further attempts to confer on this issue leaves few – if any – alternatives to bringing this motion.

Before filing this motion, pursuant to Local Rule 3.01(g), Brock Magruder, counsel for Defendants, made multiple telephone calls to Plaintiff's counsel, and requested via email to schedule conferral calls on Plaintiff's and his counsel's plan to reimburse Defendants the sanctions awarded by the Sanctions Order.[1] Plaintiff's counsel first ignored, and then consistently refused to confer on this issue altogether, and instead ordered undersigned counsel to stop all attempts to confer with threats to seek remedies against undersigned counsel for violations of the Fair Debt Collection Practices Act ("FDCPA").[2] In the face of Plaintiff's counsel's refusal to confer, and outright threats to seek damages against GrayRobinson, P.A. for violations of the FDCPA,[3] Defendants reluctantly request this Court enter a deadline by which Plaintiff and his counsel must comply with the Sanctions Order.

**Procedural Posture and Background**

This Court sanctioned Plaintiff and his counsel for discovery violations pursuant to Rule 37, and ordered them to reimburse Defendants' attorneys' fees in the amount of $4,899.50. (Doc. 183). Instead of complying with the Sanctions Order, Plaintiff and his counsel have demonstrated a contumacious disregard for this Court's authority, their obligations as Florida lawyers to act professionally and cooperatively to minimize the costs of litigation, and outright threatened to sue Defendants' counsel for attempting to even confer on the payment of these court-ordered sanctions for their misconduct.

On July 17, undersigned counsel first attempted to confer about plans to comply with the Sanctions Order and the timeline under which Defendants could expect reimbursement.

---

[1] Email thread between counsel beginning July 17, 2019 (attached as Exhibit "A").
[2] Ex. "A," pp. 1, 3.
[3] Notwithstanding the general spuriousness of Plaintiff's counsel's accusations, the federal FDCPA would not apply to these communications that occurred entirely within the state of Florida.

2

Multiple calls and three initial emails went unanswered, until on a July 19 coordinated call, a legal assistant informed undersigned counsel he had no information on the reimbursement and could not schedule a time for a lawyer to be available to discuss the issue. Finally, after several additional calls and emails, Plaintiff's counsel accused undersigned counsel of illegal debt collection practices "giv[ing] rise to a cause of action against Gray Robinson [*sic*] for violations of the FDCPA."[4] Plaintiff's counsel rebuffed all further attempts to schedule a conferral call with accusations that undersigned counsel was acting as a debt collector in violation of the FDCPA, and directing undersigned to "stop calling in your attempts to collect on a debt."[5] Undersigned counsel have made no further attempts to confer in light of the threatened claims, and no further correspondence has been received from Plaintiff's counsel as of this filing.

### Argument and Memorandum of Law

This Court has broad discretion to enforce its orders through exercise of its contempt powers. Orders imposing Rule 37 sanctions are enforceable via the Court's contempt powers. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984). The party seeking civil contempt bears the initial burden of proving by "clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *Commodity Futures Trading Com'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (imposing deadlines to pay sanctions awards, among other sanctions, for failing to comply with court orders.). Once a *prima facie* showing of a violation is made, the burden shifts to the alleged contemnor to defend the failure on the grounds that he or she was unable to comply. *Id.*

---

[4] Ex. "A," p. 1.
[5] *Id.*

3

Plaintiff and his counsel have not complied with this Court's Sanctions Order (Doc. 183), and refused to even confer on a schedule or plan for compliance. Instead, Plaintiff's counsel accused GrayRobinson of violating the FDCPA by attempting to confer on this issue, and affirmatively instructed undersigned counsel to stop all attempts to confer or collect the court-ordered sanctions.[6] Plaintiff and his counsel appear to have no intention of complying with this Court's Sanction Order, have refused to agree to a deadline for the payment, and have refused to even confer on the issue. This, notwithstanding Plaintiff's counsel's suggestion that "most standards would find 30 days to be a reasonable time with which to receive payment,"[7] and undersigned counsel's attempt to obtain a commitment to that date.[8]

### Conclusion

Plaintiff's counsel has steadfastly refused to confer with undersigned counsel for the repayment of the Rule 37 sanctions imposed by this Court. The Court should impose a deadline by which Plaintiff and his counsel must comply with the Sanctions Order.

WHEREFORE, Defendants respectfully request this Court impose a deadline by which Plaintiff and his counsel must comply with the Sanctions Order, and for all other relief this Court deems just and reasonable under these circumstances.

Respectfully submitted this 26th day of July 2019,

/s/ Brock Magruder
Jason Zimmerman
Florida Bar No. 104392
Primary Email Address:
jason.zimmerman@gray-robinson.com
Secondary Email Address:

---

[6] Ex. "A," p. 1.
[7] Ex. "A," p. 3.
[8] Ex. "A," pp. 1-2.

cindi.garner@gray-robinson.com
kathy.savage@gray-robinson.com
Brock Magruder
Florida Bar No. 112614
Primary Email Address:
brock.magruder@gray-robinson.com
Secondary Email Address:
shawna.tucker@gray-robinson.com
Jeffrey M. Aaron
Florida Bar No. 123473
Primary Email Address:
jeff.aaron@gray-robinson.com
GrayRobinson, P.A.
301 East Pine Street, Suite 1400 (32801)
P.O. Box 3068
Orlando, Florida 32802
Telephone: (407) 843-8880
Facsimile: (407) 244-5690
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 26, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will forward a true and correct copy of the foregoing via email to Cynthia Conlin and Jennifer Reed, Cynthia Conlin & Associates cynthia@conlinpa.com; jennifer@conlinpa.com; service@conlinpa.com; parker@conlinpa.com; 1643 Hillcrest Street, Orlando, Florida 32803.

/s/ Brock Magruder
Brock Magruder
Florida Bar No. 112614